[No. 34815-2-II. Division Two. May 1, 2007.]

JUST DIRT, INC., *Respondent*, v. KNIGHT EXCAVATING, INC.,
ET AL., *Appellants*.

so.

*Philip A. Talmadge* (of *Talmadge Law Group, PLLC*) and *Anne E. Melley*, for appellants.

*Jacqualine A. McMahon*, for respondent.

¶1 HOUGHTON, C.J. — Knight Excavating, Inc., appeals a trial court's award of attorney fees to Just Dirt, Inc.,

claiming that the trial court abused its discretion in awarding fees and erred in failing to enter findings of fact and conclusions of law. We agree and reverse and remand for further proceedings.

## FACTS

¶2 On November 1, 2004, Just Dirt sued Knight for breach of an oral rental equipment contract. Michael Siefkes, Knight's attorney, answered and counterclaimed. Just Dirt moved for summary judgment.

¶3 Knight responded to Just Dirt's motion with a declaration of its president, Malcolm Knight. The declaration contained an allegation that the business partner of Just Dirt's president was in jail.

¶4 In response, Just Dirt moved for sanctions against Knight and/or Siefkes, claiming the allegation was an "abuse of process" and irrelevant. Clerk's Papers (CP) at 90. The trial court denied the motion for summary judgment but gave Just Dirt the option to renew its motion after the discovery cutoff date. The trial court did not address Just Dirt's sanction request.

¶5 On September 13, 2005, Just Dirt filed its list of trial witnesses and exhibits. Knight objected, claiming Just Dirt filed tardy pleadings under Pierce County Local Rule (PCLR) 3(b)(2).

¶6 On September 16, Knight moved to quash various subpoenas and notices of depositions served by Just Dirt. Knight argued that the date set for the depositions was after the discovery cutoff date and violated CR 30(b)(1).

¶7 Just Dirt countered that Siefkes failed to provide timely answers to discovery requests, orally agreed to schedule a deposition after the discovery cutoff date, and noted a deposition for a date after the discovery cutoff date. Just Dirt claimed Knight's motion was "frivolous and baseless" and sought $400 in sanctions. CP at 237. The trial court quashed subpoenas that both sides issued, set specific

dates for depositions, established a new discovery cutoff date of January 31, 2005, and reserved ruling on the sanctions issue.

¶8 On October 27, Just Dirt moved to amend its complaint to add Knight's surety, Developers Surety and Indemnity Company, as a defendant.[1] Knight responded to the motion, arguing that it lacked a legal basis. Just Dirt replied, and Siefkes filed a response on Knight's behalf, accusing Just Dirt's counsel of intentionally misleading the trial court and filing a reply "rife with inaccuracies." CP at 272.

¶9 Just Dirt moved to strike Knight's response to its reply, claiming it contained statements that were "defamatory, untruthful and sanctionable" under CR 11 and PCLR 7. CP at 340. The trial court granted the motion to amend, denied Just Dirt's motion to strike, and did not impose any sanctions.

¶10 On November 4, Just Dirt filed an amended complaint, adding Developers Surety as a defendant. On December 6, Alexander Friedrich appeared as counsel on behalf of Developers Surety. Later in January, Siefkes, claiming to be Developers Surety's attorney, filed an answer and a motion for summary judgment on its behalf.

¶11 Just Dirt moved to strike this summary judgment motion and filed a supporting declaration, claiming Siefkes never filed a notice of appearance on behalf of Developers Surety. It also sought sanctions based on alleged violations of CR 11 and PCLR 7. The trial court neither granted nor denied the summary judgment motion but noted the apparent conflict of interest in Siefkes representing both Knight and Developers Surety and ordered Siefkes to obtain a waiver from Developers Surety before it heard the matter. The trial court reserved ruling on the issue of terms and sanctions.

---

[1] Just Dirt also moved to exclude its president as a plaintiff in his personal capacity.

¶12 On January 20, 2006, Just Dirt again moved for summary judgment, requesting $1,500 in attorney fees if the court granted its motion. In its motion and supporting declaration, Just Dirt did not identify a ground for the trial court to grant an attorney fee award.

¶13 On January 31, the discovery cutoff date as established by the trial court's September 16, 2005 order, Siefkes submitted an amended primary witness disclosure. The amended list included 26 witnesses, 14 of which were unknown to Just Dirt.

¶14 On February 6, Knight responded to Just Dirt's motion for summary judgment. Just Dirt replied to Knight's response, accusing Siefkes of prejudicing Just Dirt by adding an excessive amount of witnesses on January 31, "blathering" about Just Dirt's president, obfuscating issues, and failing to adhere to the rules of evidence. CP at 723. Just Dirt also requested sanctions for Knight's "failure to adhere to the rules of evidence." CP at 723.

¶15 On February 15, Siefkes moved to strike Just Dirt's multiple filings that he had received only via facsimile and requested $1,500 in costs. Siefkes claimed that he and Just Dirt's counsel had never agreed to accept service by facsimile. Just Dirt's counsel responded, claiming that she and Siefkes had agreed to exchange faxed copies of pleadings and noting that Siefkes faxed her the motion to strike her faxed filings. Just Dirt's counsel also accused Siefkes of "perpetrating a fraud" with the trial court. CP at 836.

¶16 On March 2, Just Dirt moved for an award of $4,500 in attorney fees against Knight, Siefkes, and Developers Surety.[2] Just Dirt claimed it was entitled to attorney fees based on Knight and Siefkes' violations of CR 11, CR

---

[2] Just Dirt's motion names Knight and Developers Surety as the defendants. It goes on to request "terms, sanctions and/or attorneys fees for the Defendants [sic] flagrant violations of the Civil Rules, Rules of Discovery and Rules of Professional Responsibility." CP at 918.

26(b)(5)(A)(i),[3] CR 56(g), and various Rules of Professional Conduct (RPC). Just Dirt also claimed that Siefkes' refusal to accept faxed pleadings was grounds for fees and/or sanctions.

¶17 On March 15, Siefkes and Friedrich filed a notice of withdrawal and substitution of counsel, in which Friedrich withdrew and Siefkes appeared as Developers Surety's counsel.

¶18 On March 17, the trial court granted Just Dirt's motion for summary judgment, ordering a judgment against Knight for $24,875.80. The trial court reserved the issue of attorney fees against Knight and its counsel. It also granted Developers Surety's summary judgment motion.

¶19 On April 13, Just Dirt's counsel filed a declaration in support of fees, requesting $20,240.79 in fees and $476.24 in costs. This included fees for 26 hours of "responding to motions filed by [Knight] and [its] attorney that were completely baseless"; 69 hours of "propounding discovery, preparing and taking depositions in addition to responding to multiple discovery violations"; 19 hours of "general trial preparation"; and an anticipated 4 hours preparing and arguing a reply on its motion for attorney fees. CP at 1056.

¶20 Siefkes challenged the request for fees but did not address whether the trial court could award fees based on CR 11, discovery violations, or violations of the RPCs. Siefkes later filed an additional response to the attorney fee request, claiming the "amount of the requested fees is unreasonable under the law." CP at 1091.

¶21 On April 20, Just Dirt's counsel responded to Siefkes' reply, claiming Siefkes' violations of CR 11, CR 56, discovery rules, and the RPCs warranted an attorney fees award. In its response, Just Dirt increased the amount of sanctions and fees it requested, asserting its entitlement to an award of attorney fees, costs, and sanctions totaling $20,717.03.

---

[3] Although Just Dirt claims Knight violated CR 26(5)(A)(i), the text accompanying the cite indicates it likely intended to refer to CR 26(b)(5)(A)(i).

Just Dirt requested that $5,676.24 of this amount comprise sanctions against Siefkes.

¶22 On April 21, after hearing argument, the trial court awarded $20,240.79 in attorney fees against Knight and $3,000.00 in sanctions against Siefkes. The trial court did not enter findings of fact or conclusions of law to support its order, and its order did not specify the grounds for its award or explain how it calculated the amount of fees or sanctions.

¶23 But in its oral ruling, the trial court stated that the case had an "extraordinary posture"; referred to Knight's frequent filings, which it described as "simply personal against" Just Dirt and its counsel; and referred to Siefkes' decision to "refuse to accept faxes from [Just Dirt's counsel] thereby incurring additional expenses, even though he . . . continued to fax documents to the other side." Report of Proceedings (RP) at 73. Knight appeals the trial court's attorney fee award.

## ANALYSIS

### Findings of Fact and Conclusions of Law

¶24 Knight first contends that the trial court should not have entered an order awarding Just Dirt $20,240.79 in attorney fees. It asserts that the trial court had no valid basis for the award.

 ¶25 We review a trial court's award of attorney fees for an abuse of discretion.[4] *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 519, 910 P.2d 462 (1996). But trial courts must exercise their discretion on articulable grounds, making an adequate record so the appellate court can review a fee award. *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998). Further, the trial court must enter findings of fact and conclusions of law to support an attorney fee award. *Mahler*, 135 Wn.2d at 435. "[A]bsence of an ad-

---

[4] Just Dirt incorrectly argues that we should review the trial court's award for substantial evidence. Further, although it asserts that substantial evidence in the record supports the trial court's oral opinion, it provides no cites to the record as RAP 10.3(a)(6) requires.

equate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." *Mahler*, 135 Wn.2d at 435.

¶26 Just Dirt moved for sanctions and/or attorney fees based on Siefkes' refusal to accept faxes and alleged violations of CR 11, CR 26(b)(5)(A)(i), CR 56(g), and various RPCs. As noted, the trial court granted the motion and ordered Knight to pay $20,240.79 in attorney fees, but it did not enter findings identifying any sanctionable actions. And the trial court did not otherwise explain its reasons for imposing sanctions.

¶27 Just Dirt argues that the trial court's oral decision provides an adequate record for review. We disagree. The trial court's oral decision does not explain how it calculated the fee award as required for review. *See Johnson v. Mermis*, 91 Wn. App. 127, 136, 955 P.2d 826 (1998).

¶28 Just Dirt also argues that the trial court's failure to enter written findings of fact is a clerical error that Knight failed to cure under CR 60(a). Again, we disagree with Just Dirt's reasoning. It is Just Dirt's duty as the prevailing party to procure formal written findings supporting its position, and it must "abide the consequences" of its failure to fulfill that duty.[5] *Peoples Nat'l Bank of Wash. v. Birney's Enters., Inc.*, 54 Wn. App. 668, 670, 775 P.2d 466 (1989).

¶29 Absent an adequate record for us to review the fee award, we must remand for further proceedings. But because an attorney fee award, if any, must be based on proper grounds, we discuss the grounds previously raised before the trial court.

GROUNDS FOR ATTORNEY FEE REQUEST

¶30 Although the basis for the trial court's order is not clear, Knight argues that the trial court abused its discre-

---

[5] Further, CR 60(a) would not apply to the circumstances here.

tion in ordering the fee award based on Just Dirt's claimed grounds. Our review of the record shows Just Dirt is not entitled to fees based on some of its claimed grounds.

## Rules of Professional Conduct

■ ¶31 Just Dirt claimed, in part, that it was entitled to attorney fees because Knight's trial counsel, Siefkes, violated numerous RPCs.[6] The RPCs cannot be proper grounds for the trial court to base a fee award because a "breach of an ethics rule provides only a public, *e.g.*, disciplinary, remedy and not a private remedy." *Hizey v. Carpenter*, 119 Wn.2d 251, 259, 830 P.2d 646 (1992). On remand, Just Dirt is not entitled to attorney fees on this ground.

## CR 11

¶32 Knight also argues that it is apparent from the record that the trial court abused its discretion in awarding attorney fees based on CR 11. It claims that the trial court failed to limit the award to fees spent responding to sanctionable conduct and erred in ordering it to pay the fees, as opposed to its counsel, Siefkes.

■ ¶33 CR 11 requires attorneys to date and sign every pleading, motion, and legal memorandum filed with the court, certifying the pleading motion or memoranda "is well grounded in fact[,] is warranted by existing law or a good faith argument[, and] is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *See Biggs v. Vail*, 124 Wn.2d 193, 196, 876 P.2d 448 (1994). If a party violates CR 11, the court may impose appropriate sanctions ordering that party to pay reasonable expenses incurred by the other party, including reasonable attorney fees. CR 11. We review an award of sanctions under CR 11 for abuse of discretion. *Biggs*, 124 Wn.2d at 197.

■ ¶34 When a trial court imposes CR 11 sanctions, it must specify the sanctionable conduct in its order. *Biggs*,

---

[6] Specifically, Just Dirt alleged that Siefkes violated RPC 3.1, 3.3, 3.4, and 4.1.

124 Wn.2d at 201. "The court must make a finding that either the claim is *not* grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, *or* the paper was filed for an improper purpose." *Biggs*, 124 Wn.2d at 201.

■■ ¶35 CR 11 is not a fee shifting mechanism but, rather, is a deterrent to frivolous pleadings. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992). If a trial court grants fees under CR 11, it "must limit those fees to the amounts reasonably expended in responding to the sanctionable filings." *Biggs*, 124 Wn.2d at 201. Remand for recalculation is appropriate where a trial court does not limit an attorney fee award to amounts reasonably expended in responding to specified sanctionable conduct. *See Biggs*, 124 Wn.2d at 201-02; *MacDonald v. Korum Ford*, 80 Wn. App. 877, 892-93, 912 P.2d 1052 (1996).

¶36 Although the trial court did not specify the sanctionable conduct it based the attorney fee award on, it appears the trial court also did not limit the fee award to the amount Just Dirt reasonably expended in responding to any possible sanctionable conduct. Instead, Just Dirt requested fees for apparent "general trial preparation." CP at 1056. Among other fees that do not appear to be related to Knight's or its counsel's possibly sanctionable conduct, the requested award included fees for "[m]eeting with client," "[preparing] witness list," and "[reviewing] email from opposing counsel." CP at 1057, 1060, 1061; *see* CP at 1055-84. Additionally, the trial court awarded Just Dirt a greater amount of attorney fees than it requested, which it did not attribute to any of Knight's conduct. An award based on those amounts appears to be a fee shifting mechanism, which CR 11 does not provide for. *See MacDonald*, 80 Wn. App. at 891, 893.[7]

---

[7] Additionally, Just Dirt claims that it is entitled to CR 11 sanctions because "Siefkes [refused] to accept faxed documents as of February 13th when the parties had historically faxed pleadings to one another." CP at 923. In its oral ruling, the trial court mentioned Siefkes' "[unilateral decision] to refuse to accept faxes from counsel thereby incurring additional expenses." RP at 73. But based on

¶37 We recognize that Knight and Just Dirt engaged in a hotly contested civil action. Like others in such zealous actions, the parties filed a number of motions, responses, and replies to advocate their positions. Although the process before the trial court was highly contentious, Knight's motions and conduct were not necessarily sanctionable. Accordingly, on remand, the trial court must articulate clear grounds for any award of CR 11 sanctions and must limit any fee award to an amount reasonably expended in responding to specific sanctionable conduct.[8]

## CR 26

¶38 Just Dirt also moved for attorney fees in part because Knight failed to timely identify all witnesses it intended to call at trial in violation of CR 26(b)(5)(A)(i).

¶39 CR 26(b)(5)(A)(i) provides that a party may, through interrogatories, require another party to identify each person whom the other party expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, and state such other information about the expert discoverable under the civil rules.

¶40 In its September 16, 2005 amended case schedule order, the trial court established January 31, 2006 as the date by which Knight had to disclose its primary witnesses. Knight filed its amended list of primary witnesses on January 31, 2006. Accordingly, it does not appear that Knight violated CR 26(b)(5)(A)(i) or that Just Dirt is entitled to a fee award on this ground.

the record before us, there is not enough information to establish that Siefkes' refusal to accept faxed pleadings was even possibly sanctionable conduct under CR 11 or to determine the expenses Just Dirt incurred as a result. Accordingly, we reverse any fee award based on Siefkes' decision not to accept faxed pleadings from Just Dirt.

[8] As it is not clear if the trial court imposed a fee award based on CR 11 or on what actions it may have based such a fee award, we do not reach Knight's argument about whether Knight, as opposed to Siefkes, is responsible for any possible fee award.

## CR 56(g)

¶41 Just Dirt also claimed entitlement to attorney fees based on an alleged violation of CR 56(g). Under CR 56(g), if a party presents an affidavit in support of or opposition to a summary judgment motion in bad faith or solely for the purpose of delay, a trial court shall order the party presenting the affidavit to pay the opposing party reasonable expenses, which the filing of the affidavit caused to occur, including attorney fees. But in its motion for attorney fees and on appeal, Just Dirt did not cite a specific summary judgment affidavit that Knight filed in bad faith or for the sole purpose of delay. Absent such a showing, the trial court has no basis for awarding fees under this rule.

### ATTORNEY FEES ON APPEAL

¶42 Knight requests attorney fees on appeal without citing authority supporting its request. "Argument and citation to authority are required . . . to advise us of the appropriate grounds for an award of attorney fees as costs." *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998); *see also* RAP 18.1. Thus, we decline to award Knight any fees on appeal.

¶43 In sum, we reverse the award of attorney fees and remand to the trial court for entry of findings of fact and conclusions of law. On remand, the trial court must limit any fee award to Just Dirt's costs reasonably attributable to specific sanctionable actions.

QUINN-BRINTNALL and VAN DEREN, JJ., concur.