244 P.3d 447 (2010)
Gale ELLER and Hollie Eller, husband and wife and the community property/debts comprised thereof, Respondents and Cross-Appellants,
v.
EAST SPRAGUE MOTORS & R.V.'S, INC., a Washington corporation d/b/a Executive Auto and Truck Sales together with its successor; Travelers Casualty & Surety Co. of America; Kenneth L. Knapp; William G. McEwen; John R. Kapelac; and Jane Does I-X, unknown persons and/or entities, Defendants,
B.L. DeWitt, Appellant.
No. 28659-2-III.
Court of Appeals of Washington, Division 3.
December 28, 2010.
*449 Brian Scott Sheldon, Attorney at Law, Jerry P. Scharosch, Evans, Craven & Lackie, P.S., Spokane, WA, for Appellant/Cross-Respondents.
Roderick Cyr Bond, Campbell & Bissell, PLLC, Spokane, WA, for Respondents/Cross-Appellants.
SIDDOWAY, J.
¶ 1 Whether a trial court awards attorney fees as a sanction for a frivolous action is a matter entrusted to its discretion. In this case, the trial court entered findings that would tend to support an award of fees to defendant B.L. DeWitt under CR 11 and RCW 4.84.185 but nonetheless declined to award them, on a record that suggests the applicable legal standards were not applied and where an award under RCW 4.84.185 was complicated by the presence of viable claims against other defendants. We affirm the trial court's findings that the claim asserted against Mr. DeWitt was not well grounded in fact nor warranted by law and hold that the trial court may award him sanctions and fees under CR 11 and RCW 4.84.185 regardless of the plaintiffs' assertion of colorable claims against other parties. We reverse the trial court's denial of sanctions and fees to Mr. DeWitt and remand for further consideration by the trial court.

FACTS AND PROCEDURAL BACKGROUND
¶ 2 In October 2005, Gale and Hollie Eller purchased a sport utility vehicle (SUV) from East Sprague Motors & R.V.'s, Inc. (Executive Auto). Following the purchase, they complied with a request from Executive Auto employees that they sign additional paperwork, only later discovering that the "additional paperwork" was a different contract, materially increasing their interest rate. The Ellers' attorney wrote a letter of complaint on their behalf and made a prelitigation demand for a copy of Executive Auto's documentation of the SUV sale. The Ellers concluded from the copy provided in response that someone had forged Gale Eller's signature on one document and altered others. Efforts to resolve the dispute were unsuccessful and in October 2008, facing the statute of limitations, the Ellers filed suit against Executive Auto and others. The Ellers amended their complaint a week later, naming as an additional defendant Mr. DeWitt, the notary public who certified the copy of Executive Auto's documentation of the SUV sale provided to the Ellers' attorney. Defendants other than Mr. DeWitt eventually agreed to settle the Ellers' claims for over $12,000.
¶ 3 Mr. DeWitt consistently resisted the claim against him. Upon being served with a summons and complaint, he informed the *450 Ellers that he was not employed by Executive Auto at the time they purchased their SUV and completed the additional paperwork and that his only involvement had been to copy documents from the Ellers' file at the request of his supervisor. Mr. DeWitt's attorney thereafter wrote to the Ellers' attorney, reiterating that Mr. DeWitt had no involvement in the sales transaction and demanded that the claims against Mr. DeWitt be dismissed, stating he would seek sanctions under CR 11 and RCW 4.84.185 if they were not. In answering the complaint, Mr. DeWitt requested sanctions and attorney fees under CR 11 and RCW 4.84.185. The Ellers declined to dismiss their claim against him.
¶ 4 Through written discovery, Mr. DeWitt's attorney asked the Ellers to identify the Executive Auto employees with whom they had dealt and to state any factual basis for some of their allegations against Mr. DeWitt. The Ellers' responses suggested that the sole basis for their claim against Mr. DeWitt was his notarial certification of the copies of the SUV sale documentation, which they treated as his vouching that the allegedly forged and altered documents were identical to the documents as originally signed by the Ellers.
¶ 5 In May 2009, Mr. DeWitt moved for summary judgment dismissing the Ellers' claim against him, arguing that in certifying the documents as a notary his "only obligation was to certify that he provided an accurate copy of the documents at the time of copying, not to certify that the documents were the original agreements of the parties," and pointing out that "[i]t would be impossible for Mr. DeWitt to provide copies of unaltered documents after they had (allegedly) been altered." Clerk's Papers (CP) at 37. In his supporting affidavit, Mr. DeWitt stated that he was hired as a finance manager for Executive Auto in January 2006 and within his first weeks of employment was directed by his supervisor to copy sale documents from the Ellers' file and certify them for the Ellers' attorney. Mr. DeWitt stated, "I pulled the original documents from the file, made copies of the documents, and notarized them as `Certified Original.' I had no further involvement with the Eller transaction." CP at 32.
¶ 6 The Ellers opposed the motion, contending there was an issue of fact as to whether Mr. DeWitt assisted Executive Auto in covering up the commission of unlawful acts. They identified no evidence suggesting he had participated in a cover-up but maintained that his failure to investigate the authenticity of the documents before certifying copies violated RCW 42.44.080, the notary statute.
¶ 7 The trial court granted Mr. DeWitt's motion for summary judgment. Mr. DeWitt then moved for sanctions and fees under CR 11 and RCW 4.84.185, arguing that the facts were never in dispute and the notary statute clearly and unambiguously requires only that the notary attest to having proffered a full, true, and accurate transcription of that which was copied.
¶ 8 The trial court denied Mr. DeWitt's motion, explaining in its oral ruling:
CR 11 creates a pretty substantial standard here. There are four parts to this. It has to be ... a violation of these four aspects in order to impose CR 11 sanctions: That the matter is well grounded in fact; that it is warranted by existing law or good faith argument; that it is not interposed for any improper purpose; that denials of factual contentions are warranted on the evidence or ... reasonably based on a lack of information or belief.
CP at 383. The court went on to observe, "I think it was a slender [reed] that pushed this forward.... I think that the theory under which it was advanced was not warranted by existing law or by a good faith argument." CP at 384. However, he found that the real question was whether the lawsuit was interposed for an improper purpose, determining that this was a "close call" but concluding:
I am not prepared to say that it was interposed for an improper purpose. I will be blunt here. I think it was a dumb theory and a dumb idea to bring Mr. DeWitt on the case. But I am not prepared to say that it was brought for an improper *451 purpose such as to harass or to cause unnecessary delay.
CP at 385.
¶ 9 The judge also declined to award fees under RCW 4.84.185, noting that it paralleled CR 11. CP at 386.
¶ 10 The court's written findings of fact provided:
1. The allegations by plaintiffs in their complaint against defendant DeWitt, and the subsequently pled allegations were not well grounded in fact.
2. The allegation by plaintiffs in their complaint against DeWitt, and the subsequently pled allegations were not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.
....
4. There is insufficient evidence to show that plaintiffs' claims against DeWitt were interposed for improper purpose, such as to harass or cause needless delay.
CP at 389.
¶ 11 Mr. DeWitt appeals the denial of his motion for sanctions and fees, assigning error to the trial court's refusal to award them pursuant to CR 11 and RCW 4.84.185. The Ellers cross-appeal, assigning error to the trial court's summary judgment dismissal of their lawsuit against Mr. DeWitt and its first and second findings of fact set forth above.

ANALYSIS

I. Procedural Issues
¶ 12 We first dispense with several procedural arguments. The Ellers point out that Mr. DeWitt's opening brief did not include assignments of error required by RAP 10.3(a)(4) and on that basis ask that we dismiss his appeal. Mr. DeWitt appealed only one order of the trial court and the nature of his appeal is clear from his identification of issues and his argument. His technical noncompliance with RAP 10.3(a)(4) has not proved an impediment to a decision on the merits. We can and will overlook it. RAP 1.2(a); State v. Olson, 126 Wash.2d 315, 320-21, 893 P.2d 629 (1995).
¶ 13 The Ellers argue that by virtue of Mr. DeWitt's failure to assign error to any finding of fact as required by RAP 10.3(g), the trial court's findings are verities on appeal. Mr. DeWitt agrees that he assigns no error to the trial court's findings; he bases his challenge on the trial court's application of law.
¶ 14 Finally, the Ellers allege that the trial court's findings are insufficiently explicit as to which of their pleadings violate CR 11 or why, citing North Coast Electric Co. v. Selig, 136 Wash.App. 636, 649, 151 P.3d 211 (2007), and that no accounting of fees beyond statutory fees was submitted for review by the court. Resp'ts' Br. at 40-42. These are nonissues at this stage inasmuch as the trial court denied sanctions and fees. The parties will have the opportunity to address these claimed deficiencies on remand.
¶ 15 Mr. DeWitt argues that the Ellers' December cross-appeal is untimely insofar as they ask us to reverse the trial court's September order granting his motion for summary judgment. The Ellers respond that the September order prejudicially affected the decision on sanctions and fees as to which their cross-appeal is timely, and therefore falls within the scope of review under RAP 2.4(b). We need not reach this issue. In order to decide matters the parties agree are timely appealed, we have necessarily reviewed whether the Ellers' claim against Mr. DeWitt was reasonably grounded in fact or law. For reasons discussed below, we determine that it was not. Were we to reach the Ellers' challenge to the trial court's summary judgment determination, it would fail.

II. Substantive Issues

CR 11 Sanctions
¶ 16 The decision to impose sanctions under CR 11 is vested within the sound discretion of the trial court. Tiger Oil Corp. v. Dep't of Licensing, 88 Wash.App. 925, 946 P.2d 1235 (1997). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). Failing to apply the correct rule of law is an abuse of discretion. State v. Rodriguez, *452 146 Wash.2d 260, 275, 45 P.3d 541 (2002) (Sanders, J., dissenting).
¶ 17 CR 11 requires that every pleading, motion, and legal memorandum of a party represented by an attorney be dated and signed by at least one attorney of record. The signature constitutes the attorney's certification that the attorney
has read the pleading, motion, or legal memorandum, and that to the best of the... attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the pleading] is well grounded in fact; (2) it is warranted by existing law ...; [and] (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay.
CR 11(a).
¶ 18 If a party violates CR 11, the court may impose an appropriate sanction, which may include reasonable attorney fees and expenses. CR 11(a); Just Dirt, Inc. v. Knight Excavating, Inc., 138 Wash.App. 409, 417, 157 P.3d 431 (2007). The fact that a party's action fails on the merits is by no means dispositive of the question of CR 11 sanctions. Bryant v. Joseph Tree, Inc., 119 Wash.2d 210, 220, 829 P.2d 1099 (1992). The court applies an objective standard to determine "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified." Id.; Biggs v. Vail, 124 Wash.2d 193, 197, 876 P.2d 448 (1994) (Biggs II).
¶ 19 The record supports the trial court's findings that the Ellers' claim against Mr. DeWitt was unsupported by the facts or law. Mr. DeWitt was not employed by Executive Auto at the time of the SUV sale to the Ellers or the related misrepresentations. The Ellers presented no evidence that his certification of file documents was fraudulent. RCW 42.44.080(5), on which they rely, provides that "[i]n certifying or attesting a copy of a document or other item, a notary public must determine that the proffered copy is a full, true, and accurate transcription or reproduction of that which was copied." (Emphasis added.) Both a plain reading of RCW 42.44.080(5) and common sense compel the conclusion that a notary public who certifies documents cannot and does not vouch for their content at times prior to the time they are reviewed for purposes of certification. There is no language in the notary statute that can be construed to impose a duty to ascertain the history and authenticity of a document before certifying a copy. Mr. DeWitt's testimony that the copy he certified was a true and accurate copy of the documents as they existed at the time he pulled the file is uncontroverted.
¶ 20 For these reasons, we reject the Ellers' cross-appeal and affirm the trial court's findings that the Ellers' claim against Mr. DeWitt was not well grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.
¶ 21 Mr. DeWitt correctly argues that the trial court erred in finding that an improper purpose was an additional prerequisite to imposing sanctions. Washington law does not require such a finding. CR 11 permits a trial court to impose sanctions against a litigant for filing claims not well grounded in fact or law or for filings made for an improper purpose:
CR 11 addresses two types of problems relating to pleadings, motions and legal memoranda: filings which are not "well grounded in fact and ... warranted by ... law" and filings interposed for "any improper purpose."
Bryant, 119 Wash.2d at 217, 829 P.2d 1099 (emphasis added) (alterations in original); see also Biggs II, 124 Wash.2d at 201, 876 P.2d 448 ("[I]n imposing CR 11 sanctions,... [t]he court must make a finding that either the claim is not grounded in fact or law ... or the paper was filed for an improper purpose.").
¶ 22 To the extent the trial court misapplied the law, we may conclude that it abused its discretion. Mayer v. Sto Indus., Inc., 156 Wash.2d 677, 684, 132 P.3d 115 (2006). It is appropriate to reverse the trial court's order denying Mr. DeWitt's motion for CR 11 sanctions and remand, so that the court can determine whether it would reach the same *453 result applying the standard as clarified by appeal.

RCW 4.84.185 (Frivolous Lawsuit)
¶ 23 As with the imposition of sanctions under CR 11, an award of attorney fees under RCW 4.84.185 lies within the sound discretion of the trial court. We do not disturb its decision absent a showing of an abuse of that discretion. Tiger Oil, 88 Wash. App. at 937-38, 946 P.2d 1235.
¶ 24 An action is frivolous if it "cannot be supported by any rational argument on the law or facts." Clarke v. Equinox Holdings, Ltd., 56 Wash.App. 125, 132, 783 P.2d 82, review denied, 113 Wash.2d 1001, 777 P.2d 1050 (1989). As with CR 11, a trial court is not required to find an improper purpose under RCW 4.84.185 before awarding fees. RCW 4.84.185; see also Highland Sch. Dist. No. 203 v. Racy, 149 Wash.App. 307, 311, 202 P.3d 1024 (2009) ("Nothing in [RCW 4.84.185] requires a court to find that the action was brought in bad faith or for purposes of delay or harassment."). It is enough that the action is not supported by any rational argument and is advanced without reasonable cause.
¶ 25 The Ellers argue that the trial court properly denied fees to Mr. DeWitt under RCW 4.84.185 because in applying the statute, the trial court must view the action in its entirety and may only award fees if a lawsuit or defense, in its entirety, is determined to have been advanced without reasonable cause, citing Biggs v. Vail, 119 Wash.2d 129, 830 P.2d 350 (1992) (Biggs I). The analysis in Biggs I began with the language of the statute, which stated at the time that "`[t]he judge shall consider the action, counterclaim, cross-claim, third party claim, or defense as a whole.'" 119 Wash.2d at 134, 830 P.2d 350 (emphasis added) (quoting former RCW 4.84.185 (1987)). Acknowledging that even this language had "caused considerable confusion and is arguably ambiguous," the court examined legislative history, attaching importance to the Washington State Bar Association's written endorsement of the statute, which stated, in part, its proposal "`that the courts of this state be given the authority to award attorney fees and reasonable expenses to the prevailing party when, considered as a whole, suits are commenced or defenses asserted which have been found by the court to be frivolous and advanced without reasonable cause.'" Id. at 134, 135, 830 P.2d 350 (quoting Statement of Washington State Bar Association on S.B. 3130, 48th Leg., Reg. Sess. (Wash. 1983) (on file with Wash. State Archives)). For present purposes, it is noteworthy that the bar association's statement was couched in terms of an action against a single defendant (referring to "`spite lawsuits such as are brought simply to harass and harangue the other party'"). Id. (emphasis added) (quoting Statement of Washington State Bar Association, supra.)
¶ 26 By the time of the Supreme Court's decision in Biggs I, RCW 4.84.185 had been revised to delete any explicit requirement that the trial court "consider the action, counterclaim, cross-claim, third party claim or defense as a whole," but the Supreme Court nonetheless held that the 1991 change did not eliminate the requirement but was intended only to make an award of fees available in the case of a voluntary dismissal. Biggs I, 119 Wash.2d at 133 n. 5, 136, 830 P.2d 350; and see State ex rel. Quick-Ruben v. Verharen, 136 Wash.2d 888, 903, 969 P.2d 64 (1998) (applying the requirement well after the statutory change). Both Biggs I and Quick-Ruben applied a requirement to consider the action "as a whole" to cases where a plaintiff had asserted both colorable and noncolorable claims against a single party, not a case such as this, where the claim against the complaining defendant was frivolous in its entirety although colorable claims were apparently asserted against others.
¶ 27 When interpreting a statute, our primary objective is to ascertain the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 9, 43 P.3d 4 (2002). We attempt to discern the "plain meaning" of a statutory provision from the ordinary meaning of its language, the context of the statute, related provisions, and the statutory scheme as a whole. Id. at 10-12, 43 P.3d 4. We construe statutes to avoid strained or absurd results. Tingey v. *454 Haisch, 159 Wash.2d 652, 663-64, 152 P.3d 1020 (2007).
¶ 28 RCW 4.84.185 provides that the court having jurisdiction of a civil action may, upon written findings by the judge that "the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense." The terms "counterclaim," "cross-claim," and "third party claim" are explicitly singular and focus the statute on abusive litigation visited by one party on another; in the case of a cross-claim, for example, a court would enter written findings that "the ... cross-claim ... was frivolous and advanced without reasonable cause" and "require the nonprevailing party to pay the prevailing party the reasonable expenses ... incurred in opposing such ... cross-claim." RCW 4.84.185. The teaching of Biggs I is that legislative history supports considering the nonprevailing cross-claimant's action against the prevailing cross-claim defendant "as a whole" but it does not undercut the statute's clear directive that to award fees the trial court need find only that the particular cross-claim was frivolous and advanced without reasonable cause.
¶ 29 The term "action," arguably encompassing a plaintiff's claims against all defendants, presents greater ambiguity where one of several defendants complains about frivolous claims asserted against it. Nonetheless, within the context of the statute and given the purpose of RCW 4.84.185, the only reasonable reading of the statute is that a defendant drawn into an action without reasonable cause and subjected to claims against it that, considered as a whole, are frivolous, may be awarded expenses under RCW 4.84.185, regardless of the merit of the plaintiff's claims against other defendants.
¶ 30 The trial court declined to award fees under RCW 4.84.185, finding the rule parallel to CR 11. Here, too, to the extent the trial court believed it was required to find bad faith or improper purpose, its refusal to award fees under RCW 4.84.185 may constitute an abuse of discretion. It is again appropriate to reverse and remand.

III. Attorney Fees on Appeal
¶ 31 Both parties claim they are entitled to an award of attorney fees on appeal. The Ellers requested an award of attorney fees under RAP 18.9 on grounds that Mr. DeWitt's appeal is frivolous. Their request for fees is denied.
¶ 32 Mr. DeWitt argues that CR 11 is a "recognized ground in equity" and bases his request for fees on RAP 18.1, under which a party is entitled to attorney fees on appeal if a contract, statute, or recognized ground in equity permits recovery of attorney fees at trial and the party is the substantially prevailing party on appeal. Appellant's Br. at 8. The Ellers' cross-appeal is frivolous. Its defense against Mr. DeWitt's appeal is not. We award fees to Mr. DeWitt for defending against the cross-appeal. Subject to compliance with RAP 18.1, a commissioner of this court will enter an appropriate order.
¶ 33 We affirm the trial court's findings, reverse its order denying sanctions and fees and remand for proceedings consistent with this opinion.
WE CONCUR: KORSMO, A.C.J., and SWEENEY, J.