# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CHARLES V. MCCLAIN III,

Appellant,

v.

1ST SECURITY BANK OF
WASHINGTON, a Washington
Corporation,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 73190-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 7, 2016

2016 MAR -7 PM 12: 07
FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

LAU, J. — Charles McClain appeals the trial court's summary judgment dismissal of his claims for conversion, breach of fiduciary duty, and violation of due process against 1st Security Bank. McClain contends 1st Security Bank wrongfully seized funds in his bank account and transferred those funds to Cox Communications and Comcast—national cable companies—after those companies erroneously transferred the funds to McClain. Because McClain's claims have no basis in fact or in law, we affirm.

FACTS

This appeal involves funds deposited in a joint bank account belonging to Harrison Hanover and Charles McClain. Hanover opened a bank account at 1st Security Bank of Washington in early 2009 and added McClain to the account in December 2009. From December 10 through 15, several fraudulent deposits were credited to the account. The deposits were made to the account through the Automated Clearinghouse System (ACH). The ACH system shows the sender of each fund transfer. The deposits were sent by Cox Communications and Comcast, two national cable companies. The deposits totaled just over $4.6 million.

Cox Communications and Comcast sent the money to Hanover and McClain's account due to a fraudulent e-mail scheme. Representatives from Cox Communications and Comcast stated they received e-mails from someone identifying himself as "Robert Willox." Clerk's Papers (CP) at 590-99. Willox claimed to be the Vice President of Finance for Arris Solutions, Inc., a vender providing goods and services to both Cox Communications and Comcast. Willox instructed both Cox Communications and Comcast that payments of future invoices should be routed to an account in 1st Security Bank. Unknown to representatives of Cox Communications and Comcast at the time, the account at 1st Security Bank belonged to Hanover and McClain—not Arris Solutions, Inc. Comcast and Cox Communications both quickly discovered that Arris Solutions had not received payment and that the routing instructions they received in the "Robert Willox" e-mails were fraudulent. On December 14, 1st Security Bank determined some of the deposits were not legitimate, and it froze the funds in McClain's account while it investigated other deposits. On December 15,

1st Security Bank honored requests from Cox Communications and Comcast to return the misdirected funds.

On December 2, 2010, McClain sued 1st Security Bank, alleging conversion, breach of fiduciary duty, and a violation of his due process rights under the Fifth Amendment of the U.S. Constitution.[1] The trial court dismissed McClain's claims on summary judgment. McClain appeals.

ANALYSIS[2]

Standard of Review

We review summary judgment orders de novo, engaging in the same inquiry as the trial court. Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003). Summary judgment is proper if, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); Michak, 148 Wn.2d at 794-95.

---

[1] Hanover, McClain's business partner, quickly absconded to Miami and then to Costa Rica. In 2013, he died in a Nicaraguan prison while serving a 24-year sentence for possession of child pornography and rape of a child. See Ramon Villareal and Lucia Vargas, Extranjero muere en Penal, La Prensa, April 20, 2013 (available at http://www.laprensa.com.ni/2013/04/20/departamentales/143266-extranjero-muere-en-penal).

[2] We note at the outset that McClain's brief contains many confusing, nonsensical arguments containing dubious legal reasoning and citations to inapplicable law. We will not consider McClain's arguments to the extent that they misconstrue entirely irrelevant legal authority or lack reasoned analysis. See Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."); "We will not consider an inadequately briefed argument." Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

Conversion

McClain's argues 1st Security Bank committed conversion when it seized the funds in his account and returned those funds to Cox Communications and Comcast. We disagree.

"A conversion is the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." Public Util. Dist. No. 1 of Lewis County v. Washington Public Power Supply Sys., 104 Wn.2d 353, 378, 705 P.2d 1195 (1985). First, McClain has failed to show a genuine issue of material fact regarding whether he had a legitimate property interest in those funds. Second, 1st Security Bank had a lawful justification to seize and return the funds in dispute under its contract with McClain and the incorporated ACH rules. Finally, money in a bank account does not constitute "chattel" for purposes of conversion under these circumstances.

McClain failed to produce any evidence demonstrating he was legally entitled to the funds in the account. The ACH deposits unambiguously demonstrate the funds came from Cox Communications and Comcast, and McClain produced no evidence showing he was entitled to payment from either Cox Communications or Comcast. McClain's arguments to the contrary are groundless. First, McClain claimed the funds were the proceeds of a contract Hanover brokered involving the sale of diesel fuel overseas. McClain claimed the details of the contract were confidential and that only Hanover knew those details. McClain claimed he spoke to Hanover on a regular basis but refused to give counsel any contact information for Hanover. McClain did eventually provide a declaration in support of the diesel fuel story, but it was stricken by the trial

court as inadmissible and is therefore not part of our record. Regardless, nothing in that declaration demonstrates that the funds at issue originated from anywhere other than Cox Communications and Comcast. The trial court therefore had overwhelming and undisputed evidence that the funds came directly from Cox Communications and Comcast.

McClain next argues he was entitled to the funds regardless of their origin simply because they ended up in his bank account. This is not the law. See, e.g., Powderly v. Schweiker, 704 F.2d 1092, 1097 (9th Cir. 1983) ("Appellant's attempt to claim a property interest by reason of her own bank account is groundless. In reality, she is attempting to claim a property interest in the funds erroneously sent to her deceased husband, but cannot escape the fact that she has no entitlement to these funds."). McClain cites no legal authority supporting his assertion that the presence of the funds in his account is sufficient on its own to confer a valid property interest for purposes of a conversion claim. He only presents nonsensical arguments containing little legal analysis and relies on cherry-picked dicta from unrelated cases. For example, McClain cites United States v. Redcorn, 528 F.3d 727 (10th Cir. 2008) to support his argument that one has a property interest in the funds contained in a bank account even if those funds are stolen. In Redcorn, a criminal case involving an embezzlement scheme, the court noted that "[o]nce the defendants deposited the funds into their personal bank accounts, they had accomplished their crime and the funds were available for their personal use." Redcorn, 528 F.3d at 739. But the court's language does not mean that the defendants in that case suddenly had a legally valid property interest in the stolen funds once they were deposited in their personal bank accounts. Rather, the court

-5-

simply stated that once the funds were in the defendants' bank accounts, the fraud was complete; future transfers were not "essential" parts of the scheme, and the defendants could not be charged based on those future transfers. Redcorn, 528 F.3d at 739. But nothing in Redcorn or any other authority McClain cites suggests that an individual gains legal entitlement to stolen funds simply by virtue of the fact that those funds show up in his or her bank account. McClain has failed to show that he had a legitimate property interest in the allegedly converted funds.

Despite McClain's lack of any property interest, we note that 1st Security Bank had the legal justification under its contract with McClain to seize and return the funds. The account agreement, which McClain signed when he joined the account, unambiguously states that "if any of the deposited funds or fund transfers are suspected to be in violation of state or federal law they may not be available for immediate withdrawal." CP at 525. Further, the agreement states that fund transfers are governed by the ACH rules. Those rules, incorporated into the agreement, expressly allow 1st Security Bank to return erroneous fund transfers at the request of the party originating the deposit. Therefore, 1st Security Bank had a legal justification to return the funds to Cox Communications and Comcast, and McClain's conversion claim fails. See Public Util. Dist., 104 Wn.2d at 378 (Defendant must have acted without legal justification to be liable for conversion).

McClain's reliance on the Uniform Commercial Code (UCC) is unavailing. The UCC expressly provides that "the rights and obligations of a party to a funds transfer may be varied by agreement of the affected party." RCW 62A.4A-501(a). It also provides that "a funds-transfer system rule governing rights and obligations between the

participating banks using the system may be effective even if the rule conflicts with this Article and indirectly affects another party to the funds transfer who does not consent to the rule." RCW 62A.4A-501(b). Therefore, McClain has failed to show that the account agreement requiring that fund transfers be governed by the ACH rules is inconsistent with any Washington law.

Funds in a bank account typically cannot be "chattel" for purposes of conversion except under certain circumstances. Indeed, "bank accounts generally cannot be the subject of conversion, because they are not specific money, but only an acknowledgement by the bank of a debt to its depositor." Reliance Ins. Co. v. U.S. Bank of Washington, N.A., 143 F.3d 502, 506 (9th Cir. 1998). "[T]here can be no conversion of money unless it was wrongfully received by the party charged with conversion, or unless such party was under obligation to return the specific money to the party claiming it." Public Util. Dist. No.1, 104 Wn.2d at 378. Neither of these circumstances are present here. Though arguably wrongfully received, as discussed above, McClain has failed to show any legal entitlement to the funds. For the same reason, 1st Security Bank was under no obligation to give those funds to McClain.

Breach of Fiduciary Duty

McClain seems to have abandoned his claim for breach of fiduciary duty. Regardless, the trial court properly dismissed this claim because 1st Security Bank owed McClain no fiduciary duty. "As a general rule, the relationship between a bank and a depositor or customer does not ordinarily impose a fiduciary duty of disclosure upon the bank. They deal at arm's length." Tokarz v. Frontier Federal Savings & Loan Ass'n, 33 Wn. App. 456, 458-59, 656 P.2d 1089 (1982). There may be limited

circumstances where a bank owes a depositor a quasi-fiduciary duty, such as where the bank provides an "extra service" or there is a unique relationship of trust and confidence between the bank and the customer. Annechino v. Worthy, 162 Wn. App. 138, 143-44, 252 P.3d 415 (2011). No special circumstances exist here.

Due Process

McClain argues that 1st Security Bank violated his constitutional right to due process when it seized the funds in his account and returned them to Cox Communications and Comcast. He seems to have abandoned this claim on appeal. Regardless, the trial court properly dismissed this claim.

The U.S. Constitution provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V; U.S. Const. amend. XIV. Generally, the Fifth and Fourteenth Amendments only protect persons against infringement by governments, not private entities. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978). In order to prevail, McClain must show some "direct and substantial" government involvement. Nat'l Bd. of YMCA v. United States, 395 U.S. 85, 93, 89 S. Ct. 1511, 23 L. Ed. 2d 117 (1969). McClain has failed to show any facts demonstrating any government involvement in 1st Security Bank's allegedly unlawful conduct. McClain only alleges that 1st Security Bank's conduct was "not possible without conspiracy and government support." Br. of Appellant at 4. This is insufficient to sustain his due process claim.

Appellate Attorney Fees

1st Security Bank requests an award of attorney fees under CR 11, claiming McClain's appeal is frivolous. We agree and grant attorney fees to 1st Security Bank.

CR 11 provides:

> The signature of a party . . . constitutes a certificate by the party . . . that the party . . . has read the pleading, motion, or legal memorandum, and that to the best of the party's . . . knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is well grounded in fact;
> (2) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.

CR 11(a). If a party violates this rule by pursuing frivolous litigation, the court may impose an appropriate sanction, including reasonable attorney fees. See Eller v. East Sprague Motors & R.V.'s, Inc., 159 Wn. App. 180, 191, 244 P.3d 447 (2010). An action is frivolous if it "cannot be supported by any rational argument on the law or facts." Clarke v. Equinox Holdings, Ltd., 56 Wn. App. 125, 132, 783 P.2d 82 (1989). CR 11 does not require the court to find that the action was brought in bad faith or for purposes of delay or harassment; "[i]t is enough that the action is not supported by any rational argument and is advanced without reasonable cause." Eller, 159 Wn. App. at 192. 1st Security Bank's CR 11 counterclaim provided notice to McClain of its intent to seek sanctions based on his frivolous claims.

We conclude that McClain's appeal is frivolous under this standard. McClain's lengthy brief lacks any reasonable legal argument. His claims are grounded neither in fact nor the law. He selectively quotes dicta from entirely unrelated legal authority that, upon close examination, does not support any of the assertions he makes. He essentially abandoned on appeal his due process and breach of fiduciary duty claims. Because we find that McClain's appeal has no basis in fact or in law, we grant

1st Security Bank's request for reasonable attorney fees and costs under RAP 18.9 and subject to compliance with the requirements of RAP 18.1.

## CONCLUSION

For the foregoing reasons, we affirm and award 1st Security Bank reasonable attorney fees and costs for having to respond to McClain's frivolous appeal.

WE CONCUR:

Spearman, C.J.

Cox, J.