IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | |
| | ) | No. 33315-9-III |
| RANDALL W. TRAVIS, | ) | |
| | ) | |
| Deceased. | ) | |
| | ) | |
| CARMEL TRAVIS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | |
| LETA TRAVIS, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| BETTY TRAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

FEARING, C.J. — Leta Travis incurs more attorney fees by appealing the trial

court's ruling denying her an award of reasonable attorney fees. We affirm the trial

court's ruling and deny either party an award of attorney fees on appeal.

No. 33315-9-III
*In re Estate of Travis*

## FACTS

Randall and Betty Travis raised two daughters, Carmel and Leta. In 1982, Randall died and established a testamentary trust with Betty, Carmel, and Leta as beneficiaries and Betty as trustee.

In December 2012, Carmel Travis accused her sister, Leta, of influencing their mother, Betty, in the management of the trust to Leta's benefit and Carmel's detriment. Shortly thereafter, Adult Protective Services (APS) informed Leta of an accusation that she exploited and mistreated her mother. APS later dismissed the allegations as unsubstantiated. Even later APS contacted Leta again regarding a second complaint alleging Leta financially exploited Betty.

On March 20, 2013, Betty Travis, Carmel Travis, and Leta Travis recorded, with the Garfield County Superior Court clerk, an agreement under Washington's Trust and Estates Dispute Resolution Act, chapter 11.96A RCW (TEDRA). The agreement directed that Betty Travis remain the primary income beneficiary of two of the trust assets and assigned each asset to one of the sisters upon Betty's death. The TEDRA agreement did not end disputes.

## PROCEDURE

On December 5, 2013, Carmel Travis filed a TEDRA petition to remove Betty as trustee, to obtain an accounting, to disburse funds, to enforce the earlier TEDRA agreement, and for an award of attorney fees and costs. Carmel named Betty as the sole

2

respondent in the petition. The petition alleged that Betty lacked the mental and physical capacity to manage the trust, that Betty exhibited hostility toward Carmel as illustrated by two attempts to procure restraining orders, that Betty refused to communicate with Carmel, that Betty failed to perform an annual accounting of the trust, and that Betty refused to prepare a trust budget. In the TEDRA petition, Carmel alleged:

> 2.10 Leta is the attorney-in-fact for Betty, helps Betty on a daily basis with Betty's financial and personal needs, takes Betty to Betty's attorneys and doctors, is believed to attend meetings with Betty's attorneys and doctors, is paid to help Betty, exerts substantial influence over Betty's actions adverse to those of Carmel and, as a result of her confidential relationship with Betty, which Leta uses to her advantage, Betty has a conflict with Carmel over the administration of the Trust.

Clerk's Paper's (CP) at 273. In its response to the petition, Betty Travis sought an order from the trial court directing the parties to mediate the dispute.

On September 18, 2014, the trial court signed an agreed order directing APS to produce its records concerning Betty Travis. On September 26, Leta Travis, through a stipulated order with Betty and Carmel, intervened in Carmel's TEDRA petition action. On November 14, Leta served Carmel interrogatories and requests for production. On December 8, 2014, Carmel voluntarily dismissed the TEDRA petition under CR 41(a)(1)(B).

After dismissal of Carmel Travis's TEDRA petition, Leta Travis filed a motion for an award of attorney fees and costs against Carmel pursuant to RCW 11.96A.150, RCW 4.84.185, and CR 11. Carmel followed with a counter motion for fees against Leta

3

pursuant to RCW 11.96A.150. Carmel also defended Leta's demand for fees on the ground that Carmel needed to file the TEDRA petition to coerce the disclosure of information. Carmel declared that she dismissed the petition when the petition accomplished its purpose.

The trial court denied each sister's requests for reasonable attorney fees and costs. The trial court denied fees to Leta Travis under CR 11 because Carmel's TEDRA petition was not a baseless filing. The trial court noted difficulty in declaring a TEDRA petition frivolous when the gravamen of the petition alleged a failure to provide a trust beneficiary an accounting and other information. The trial court denied Leta fees under RCW 4.84.185 because Leta intervened in the suit, did not file a responsive pleading identifying the allegations for which she sought intervention, and did not file an answer alleging that the claims against her were frivolous.

When addressing whether either party should recover attorney fees and costs under RCW 11.96A.150, a section of TEDRA, the court found that neither sister showed bad faith by the other sister, all parties violated duties in their trust dealings, and the trust did not substantially benefit from either sister's actions. The trial court noted difficulty imposing fees on Carmel Travis when she needed to file the petition to gain information regarding trust transactions. The trial court also astutely noted that ordering the trust to pay each party's fees led to the same result as requiring each party to pay her own fees, since the sisters are each beneficiaries under the trust.

4

Leta Travis appeals the denial of costs and fees.

## LAW AND ANALYSIS

Leta Travis sought an award of reasonable attorney fees and costs, before the trial court, against her sister, Carmel, on three grounds: CR 11, RCW 4.84.185, and RCW 11.96A.150. The latter statute is a provision in TEDRA. Leta asks this court to reverse the denial of fees under all three grounds. We address together the claim for fees and costs under CR 11 and RCW 4.84.185. The court rule and the statute both address frivolous litigation.

## CR 11 and RCW 4.84.185

Leta Travis contends the trial court erred in refusing to award her reasonable attorney fees under CR 11 and RCW 4.84.185 because Carmel's allegations against Leta in the TEDRA petition were baseless and were intended to harass. Carmel Travis responds that the trial court correctly exercised its discretion in denying fees because Carmel's allegations against Leta were not frivolous. She maintains that she made a reasonable inquiry into the allegations before filing the petition, she reasonably believed the allegations were grounded in fact, and she did not file the petition for an improper purpose.

This court reviews a trial court's denial of a motion for attorney fees under CR 11 for abuse of discretion. *Skimming v. Boxer*, 119 Wn. App. 748, 754, 82 P.3d 707 (2004). CR 11(a) proscribes, in part:

5

. . . The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is well grounded in fact;

(2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

CR 11 omits any direction to the courts to impose sanctions for its violation. Nevertheless, if a party violates CR 11, the court may impose an appropriate sanction, which may include reasonable attorney fees and expenses. *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 417, 157 P.3d 431 (2007). The fact that a party's action fails on the merits is by no means dispositive of the question of CR 11 sanctions. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992); *Eller v. E. Sprague Motors & R.V.'s, Inc.*, 159 Wn. App. 180, 190, 244 P.3d 447 (2010). Because CR 11 sanctions have a potential chilling effect, the trial court should impose sanctions only when it is patently clear that a claim has absolutely no chance of success. *Lee v. Jasman*, 183 Wn. App. 27, 71, 332 P.3d 1106 (2014), *aff'd*, *Grant County Prosecuting Attorney v. Jasmin*, 183 Wn.2d 633, 354 P.3d 846 (2015).

The frivolous lawsuit statute, RCW 4.84.185, was enacted to discourage abuse of the legal system by providing for an award of expenses and legal fees to any party forced to defend itself against meritless claims asserted for harassment, delay, nuisance or spite.

6

*Suarez v. Newquist*, 70 Wn. App. 827, 832-33, 855 P.2d 1200 (1993). RCW 4.84.185 provides:

> [T]he court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys . . . . This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party.

This court reviews a trial court's denial of a motion for attorney fees under RCW 4.84.185 for abuse of discretion. *Skimming v. Boxer*, 119 Wn. App. at 757.

In forwarding her claim for fees, Leta Travis emphasizes that, regardless of the merits of any claim against the sisters' mother, Betty, Carmel's allegations against Leta of undue influence were baseless. Nevertheless, Carmel Travis posited circumstantial evidence that suggested Leta's undue influence. Betty afforded Leta preferential treatment over Carmel. Betty and Leta spent time together to the exclusion of Carmel. Betty shirked her responsibilities to provide an accounting. Additionally, Leta cannot claim that Carmel failed to adequately investigate her allegations when a core allegation of the petition was inadequate communication from Betty. We hold that the trial court did not abuse its discretion in denying Leta Travis an award of reasonable attorney fees and costs under either CR 11 or RCW 4.84.185.

7

We note an ambiguity in Washington law as to whether one defendant may recover reasonable attorney fees and costs when the claims against her are frivolous, but claims against other defendants possess some merit. One decision suggests the entire lawsuit must be frivolous. *Alexander v. Sanford*, 181 Wn. App. 135, 184, 325 P.3d 341, (2014), *review granted*, 339 P.3d 634 (2014). Other cases suggest one party may recover fees despite claims against other parties being meritful. *Eller v. E. Sprague Motors & R.V.'s, Inc.*, 159 Wn. App. at 184 (2010); *John Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 111-12, 780 P.2d 853 (1989). We need not resolve this ambiguity since the trial court did not abuse its discretion in concluding claims solely against Leta Travis were not frivolous.

Leta Travis contends that the trial court erred when basing its decision to deny an award of fees on her failure to file a responsive pleading and failure to provide a warning that she sought fees. She also argues that the trial court erred when considering that she voluntarily intervened into the litigation. We need not address these assignments of error, since we can resolve the appeal on the ground that the suit was not frivolous. We may affirm the trial court on any basis supported by the briefing and record below. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989); *Huff v. Wyman*, 184 Wn.2d 643, 647-48, 361 P.3d 727 (2015).

## TEDRA

The Trust and Estates Dispute Resolution Act empowers the superior court with authority to administer and settle all matters concerning the estates and assets of incapacitated, missing, and deceased persons, including matters involving nonprobate assets, such as trusts. RCW 11.96A.020(1). The act imbued the court with the "full power and authority to proceed with such administration and settlement in any manner and way that to the court seems right and proper." RCW 11.96A.020(2). Carmel Travis filed her petition under TEDRA.

TEDRA allows superior or appellate courts in Washington to order:

> costs, including reasonable attorneys' fees . . . to any party: (a) From any party to the proceedings. . . . The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

RCW 11.96A.150(1). This court reviews a trial court's decision denying fees under TEDRA for abuse of discretion. *Bale v. Allison*, 173 Wn. App. 435, 461, 294 P.3d 789 (2013); *In re Estate of Black*, 153 Wn.2d 152, 173, 102 P.3d 796 (2004). RCW 11.96A.150(1) bestows the trial court almost unlimited discretion.

For the same reasons that we hold the trial court did not abuse its discretion in denying an award of fees under CR 11 and RCW 4.84.185, we hold the trial court did not

abuse its discretion in denying Leta Travis reasonable attorney fees and costs under

TEDRA.

Appellate Fees

Leta Travis requests an award of fees incurred in this appeal in accordance with

RAP 18.1. Under RAP 18.1, a party may recover fees on appeal "[i]f applicable law

grants to a party the right to recover reasonable fees." Leta is not entitled to fees under

CR 11, RCW 4.84.185, or RCW 11.96A.150. Thus we deny her fees under RAP 18.1.

Carmel Travis seeks an award of attorney fees incurred on appeal pursuant to RAP

18.9(a) and RCW 11.96A.150. RAP 18.9(a) provides, in relevant part:

> The appellate court on its own initiative or on motion of a party may
> order a party or counsel . . . who . . . files a frivolous appeal, or fails to
> comply with these rules to pay terms or compensatory damages to any other
> party who has been harmed by the delay or the failure to comply.

This court abides by the following considerations when determining whether an appeal is

frivolous:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all
> doubts as to whether the appeal is frivolous should be resolved in favor of
> the appellant; (3) the record should be considered as a whole; (4) an appeal
> that is affirmed simply because the arguments are rejected is not frivolous;
> (5) an appeal is frivolous if there are no debatable issues upon which
> reasonable minds might differ, and it is so totally devoid of merit that there
> was no reasonable possibility of reversal.

*Griffin v. Draper*, 32 Wn. App. 611, 616, 649 P.2d 123 (1982) (quoting *Streater v. White*,

26 Wn. App. 430, 435, 613 P.2d 187 (1980)).

No. 33315-9-III
*In re Estate of Travis*

The question of whether Leta Travis' appeal is frivolous is a close call, so we resolve the question in her favor. Leta's argument that her intervention did not bar her from recovery of fees below has limited merit, since no Washington case has addressed this issue. Carmel Travis' dismissal of the TEDRA petition after being served discovery requests could have led a trier of fact to question the merits of Carmel's TEDRA suit.

We also deny Carmel Travis an award of fees under the TEDRA statute, RCW 11.96A.150. The statute grants us wide discretion, and we exercise the discretion in Leta's favor because she forwarded some arguments on appeal that held merit.

CONCLUSION

We affirm the trial court's denial to Leta Travis of an award of reasonable attorney fees and costs against her sister, Carmel. We deny each sister fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____          _____
Korsmo, J.                                Lawrence-Berrey, J.

11