# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ACCESS ELECTRIC SUPPLY, INC., a Washington corporation, ) ) ) | No. 68738-7-I |
| Respondent/Third Party Defendant, ) ) ) | DIVISION ONE |
| v. ) ) | |
| BNCC, INC., a Washington corporation, ) and KELLY ELECTRIC, INC. a ) Washington corporation, ) ) | |
| Appellant/Third-Party Plaintiff ) ) ) | |
| BNCC, INC., a Washington corporation, ) ) | |
| Third-Party Plaintiff ) ) | UNPUBLISHED OPINION |
| v. ) ) | |
| SOUTH COUNTY BUILDERS, INC., ) d/b/a KELLY ELECTRIC, a Washington ) corporation, ) ) | |
| Third Party-Defendant. ) ) | FILED: June 17, 2013 |

SPEARMAN, A.C.J. — BNCC, Inc. appeals summary judgment orders denying its claim for attorney fees following its successful defense of the claims alleged by Access Electric Supply, Inc. Because the trial court properly determined that BNCC was not entitled to attorney fees as a matter of law, we affirm. We also deny BNCC's request for fees on appeal.

FACTS

BNCC entered into a contract with the Issaquah School District to build a school. BNCC entered a subcontract with Kelly Electric, Inc., to perform electrical work at the school. The subcontract includes an addendum in which the subcontractor, Kelly, agrees to indemnify the contractor, BNCC, against all claims by third parties connected with work performed by sub-tier subcontractors and suppliers. [CP 40] The indemnification addendum indicates that the contractor may recover defense costs, including attorney fees, arising from such claims.

Kelly ordered electrical equipment from Access Electric Supply, Inc., for the school project. Access delivered $49,866 of equipment but did not receive payment.

Access filed a suit against BNCC and Kelly, alleging unjust enrichment of BNCC, and claiming entitlement to a constructive trust on the amounts paid to BNCC by the school district. Access also claimed it was entitled to enforce the subcontract between BNCC and Kelly as a third party beneficiary. Finally, Access claimed damages for Kelly's breach of contract.[1]

BNCC filed an answer with affirmative defenses, cross claims, counter claims, and a third party complaint against Kelly. BNCC filed a motion for summary judgment dismissal of all Access's claims against BNCC, arguing that Access had no privity of contract with BNCC and failed to provide preclaim notice as required by RCW 39.08.065. At a hearing on BNCC's motion for summary judgment, Access argued that the preclaim notice provisions applied only to

_____

[1] Kelly is not a party to this appeal.

claims against a bond, not claims against the contractor. The trial court granted BNCC's motion for summary judgment and dismissed Access's claims as barred by RCW 39.08.065. [VRP 11/16/11 25]

BNCC then filed a motion for summary judgment on its counter claim against Access for an award of attorney fees, costs, and interest under CR 11 and RCW 4.84.185 and the indemnification addendum to its subcontract with Kelly. The trial court denied the motion. Access then filed a motion for summary judgment dismissal of BNCC's claims for fees. The trial court granted the motion and dismissed the case.

BNCC appeals.

## DISCUSSION

We review summary judgments de novo. Michael v. Mosquera-Lacy, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). "'Summary judgment is appropriate when 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Locke v. City of Seattle, 162 Wn.2d 474, 483, 172 P.3d 705 (2007))and CR 56(c).

Under CR 11, the trial court may impose sanctions, including attorney fees, if an attorney, without reasonable inquiry, brings a claim that is not "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, . . ." Under RCW 4.84.185, the trial court may award attorney fees to the prevailing party "upon written findings by the judge that the action... was frivolous and advanced without reasonable cause." Appellate courts review a

3

trial court's denial of fees under RCW 4.84.185 and sanctions under CR 11 for an abuse of discretion. Fluke Capital & Mgt. Serv. Co. v. Richmond, 106 Wn.2d 614, 625, 724 P.2d 356 (1986); Biggs v. Vail, 119 Wn.2d 129, 137, 830 P.2d 350 (1992); Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993).

Despite acknowledging the discretion generally exercised by the trial court in determining the basis for fees under RCW 4.84.185 and sanctions under CR 11, BNCC contends that it was entitled to summary judgment on its claim for fees and sanctions here as a matter of law. In the alternative, BNCC claims that the trial court failed to appropriately analyze the legal basis for an award of fees and sanctions.

The trial court did not enter written findings that Access's claims against BNCC were frivolous or not well grounded in fact, not warranted by law, and filed without reasonable inquiry. In the absence of such findings, BNCC was not entitled to an award of fees as a matter of law and the trial court properly denied BNCC's motion for summary judgment. And the trial court is "not required to enter negative findings or findings that a certain fact has not been established." Gen. Indus., Inc., v. Eriksson, 2 Wn. App. 228, 229, 467 P.2d 321 (1970) (quoting Miller v. Geranios, 54 Wn.2d 917, 338 P.2d 763 (1959)). In opposing Access's motion for summary judgment on BNCC's claims for fees and sanctions, BNCC agreed that the parties did not dispute the facts and argued only that it was entitled to fees as a matter of law. Given the lack of a written finding that Access's suit was frivolous and the lack of findings as to a violation of CR 11, the

4

trial court properly granted Access's motion for summary judgment dismissal of BNCC's claims for fees under RCW 4.84.185 and sanctions under CR 11.

BNCC also contends that the trial court erred by denying an award of fees based on the indemnification agreement in BNCC's subcontract with Kelly and RCW 4.84.330. Relying on Herzog Aluminum, Inc. v. General American Window Corp., 39 Wn. App. 188, 692 P.2d 867 (1984) (purchase order with unilateral attorney fee provision) and Deep Water Brewing, LLC v. Fairway Resources Ltd., 152 Wn. App. 229, 215 P.3d 990 (2009) (easement and right-of-way agreements with expansive attorney fee and costs provisions), BNCC argues that Access would have been entitled to contractual attorney fees as a third party beneficiary to the subcontract had it prevailed against BNCC and RCW 4.84.330 requires reciprocal application of such a fee award. Neither of the cases BNCC cites involved an indemnification agreement and BNCC provides no relevant authority or cogent argument to support such a result.

The indemnification addendum is limited on its face to Kelly's agreement to pay BNCC's fees and costs spent defending against third party claims, such as Access's lawsuit. The addendum does not provide terms granting BNCC a right to fees for enforcing its right to indemnification. In the absence of express terms providing for such fees, "an indemnitee may not recover legal fees incurred in establishing his right to indemnification." Jones v. Strom Constr. Co., 84 Wn.2d 518, 523, 527 P.2d 1115 (1974).

RCW 4.84.330 applies where a contract specifically provides that one of the parties shall be awarded attorney fees that "are incurred to enforce the

provisions of such contract . . . ." RCW 4.84.330. In such cases, the statute imposes reciprocal treatment if the other party prevails. Because the addendum does not provide for an award of fees for enforcing its provisions, RCW 4.84.330 does not apply. The trial court properly dismissed BNCC's claim for attorney fees on the basis of the indemnification addendum.

BNCC requests attorney fees on appeal under RAP 18.1 and the indemnification addendum. Because the addendum does not provide for such an award, BNCC is not entitled to attorney fees on appeal.

Affirmed.

_Spearman, A.C.J._

WE CONCUR:

_Grosse, J._      _Becker, J._