2014 JUL 28 AM 11: 31


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PATRICK SMITH, a married man filing individually, ) ) ) | No. 69847-8-I |
| Respondent, ) ) | DIVISION ONE |
| v. ) ) | |
| CONGRUENT SOFTWARE INC., a Washington corporation, ) ) ) | UNPUBLISHED OPINION |
| Appellant. ) ) | FILED: July 28, 2014 |

BECKER, J. — Congruent Software Inc. appeals an order denying its motion for attorney fees requested as a sanction against a former employee for filing a five claim complaint including one frivolous claim. Because Congruent fails to establish any abuse of discretion, we affirm.

## FACTS

Patrick Smith worked as a business development manager for Congruent Software from January 2007 until he resigned in September 2008. In July 2009, Smith filed suit against Congruent, asserting claims for unpaid wages, breach of contract, and constructive discharge. Congruent responded with counterclaims. The court held a trial without a jury in March 2011.

On September 8, 2011, the court entered findings of fact and conclusions of law determining Smith was entitled to a judgment for $277 in unpaid

commissions. The court dismissed the other four of Smith's five claims and dismissed Congruent's counterclaims. As to attorney fees, the court determined that both parties "prevailed in part." The court found Smith was entitled to attorney fees under RCW 49.48.030 for a successful wage claim and stated that an award would be addressed in a separate order. The order states, "Therefore it is ORDERED, ADJUDGED, and DECREED that judgment shall be entered promptly in favor of Plaintiff and against Defendant consistent with the findings and conclusions above."

On September 13, 2011, the court entered findings of fact and conclusions of law on Smith's motion for an award of attorney fees and costs. The court applied the lodestar method and awarded Smith $9,483.10 in attorney fees. The order also provides, "The Clerk is further directed to enter judgment in this matter consistent" with the findings and conclusions.

On October 11, 2011, Congruent filed a motion for an award of costs and attorney fees, citing CR 11, CR 54 (d) and RCW 4.84.010. On October 24, 2011, the court entered findings of fact and conclusions of law. The findings recite certain evidence relevant to the constructive discharge claim and state that Congruent prevailed on four of Smith's five causes of action and incurred attorney fees and costs. The conclusions state:

1. The Constructive Discharge cause of action filed by the Plaintiff was frivolous and advanced without reasonable cause.
2. Under CR 11 and RCW 4.84.185 this court will award an appropriate sanction.
3. The sanction will be considered upon motion by the Defendant.

Nearly 14 months later, on December 12, 2012, Congruent filed a motion for an award of sanctions under CR 11 and RCW 4.84.185. In an order signed on December 21 and filed on December 24, the trial court (1) noted that neither Smith nor his attorney had responded to Congruent's motion; (2) found that the constructive discharge claim was not well grounded in fact or warranted by existing law and "was interposed for an improper purpose—to threaten the Defendant, because of the open ended exposure, into settling the case"; and (3) ordered $14,475.60 in sanctions against Smith and his counsel, jointly and severally. The superior court docket indicates that Smith filed a response to Congruent's motion on December 27. On January 3, 2013, the court vacated its December 2012 order and denied the motion for sanctions as untimely under CR 54(d) and RCW 4.84.185.

Congruent appeals.

## ANALYSIS

We review the trial court's decision to grant or deny an award of attorney fees under RCW 4.84.185 or CR 11 for an abuse of discretion. Skimming v. Boxer, 119 Wn. App. 748, 754, 82 P.3d 707 (2004). We consider "whether the court's conclusion was the product of an exercise of discretion that was manifestly unreasonable or based on untenable grounds or reasons." Tiger Oil Corp. v. Dep't of Licensing, 88 Wn. App. 925, 938, 946 P.2d 1235 (1997).

CR 54(d)(2) requires claims for attorney fees and expenses to be made by motion "filed no later than 10 days after entry of judgment" unless otherwise provided by statute or order of the court. RCW 4.84.185 requires a party

3

requesting reasonable expenses including attorney fees based on a finding that an action was "frivolous and advanced without reasonable cause" to file a motion within 30 days after the entry of a "final judgment after trial."

RCW 4.84.185 authorizes an award of attorney fees based on written findings that a lawsuit is frivolous in its entirety. Biggs v. Vail, 119 Wn.2d 129, 136-37, 830 P.2d 350 (1992); Forster v. Pierce County, 99 Wn. App. 168, 183-84, 991 P.2d 687 (2000). "Under RCW 4.84.185, the trial court is not empowered to sort through the lawsuit, search for abandoned frivolous claims and then award fees based solely on such isolated claims." Biggs, 119 Wn.2d at 136.

"The purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system." Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992) (emphasis omitted). Sanctions may be imposed under CR 11 if a pleading lacks a factual or legal basis and the attorney or party who signed it failed to conduct a reasonable inquiry into the factual or legal basis of the action or the paper was filed for an improper purpose. Bryant, 119 Wn.2d at 220; Biggs v. Vail, 124 Wn.2d 193, 201, 876 P.2d 448 (1994). "The fact that a complaint does not prevail on its merits is by no means dispositive of the question of CR 11 sanctions. CR 11 is not a mechanism for providing attorneys fees to a prevailing party where such fees would be otherwise unavailable." Bryant, 119 Wn.2d at 220.

Although CR 11 authorizes an award of reasonable attorney fees, such an award is not automatic and the trial court retains broad discretion regarding the nature and scope of sanctions. Miller v. Badgley, 51 Wn. App. 285, 303, 753

P.2d 530 (1988). A court need not enter findings when rejecting a request for CR 11 sanctions. Skimming, 119 Wn. App. at 755.

"Sanctions, including attorney fees, may also be imposed under the court's inherent equitable powers to manage its own proceedings." State v. Gassman, 175 Wn.2d 208, 210-11, 283 P.3d 1113 (2012). The trial courts' "inherent authority to control and manage their calendars, proceedings, and parties" allows attorney fees sanctions based on a finding of bad faith. Gassman, 175 Wn.2d at 211. In the absence of an express finding of bad faith, appellate courts will uphold sanctions where the record establishes that the court found some conduct equivalent to bad faith. Gassman, 175 Wn.2d at 211 (reversing sanction where trial court found State's conduct careless and not purposeful).

Without relevant authority and without acknowledging the discretion generally exercised by the trial court in determining the basis for fees under RCW 4.84.185 and the basis, nature, and scope of sanctions under CR 11 and its inherent authority, Congruent argues only that it was error for the court to rely on CR 54(d) and RCW 4.84.185 to determine that its motion was untimely. Claiming that the timeliness of its original motion is undisputed, Congruent argues that the trial court "ordered briefing to quantify the sanctions" in the October 24, 2011, order as an exercise of its inherent authority which was "not subject to any specific time limit."

But even if the trial court misstated the particular basis for its determination that the motion was untimely, Congruent has not shown any abuse of discretion. Congruent fails to identify any authority requiring the trial court to

consider a motion for attorney fees and expenses filed over 15 months after entry of a judgment. And nothing in the October 24, 2011, order indicates that the trial court would not consider the timeliness of a motion filed 14 months later.

Moreover, the language of the October 24, 2011, order still left open the possibility that the trial court could determine in its discretion that no sanction was warranted or that an appropriate sanction did not involve attorney fees or any other monetary award. The conclusion that the constructive discharge claims was "frivolous and advanced without reasonable cause" is consistent with the requirements of RCW 4.84.185. However, the trial court did not find that Smith's entire lawsuit was frivolous and advanced without reasonable cause. And the record does not support such a finding given Smith's success on one of his wage claims. On this record, Congruent cannot demonstrate any abuse of discretion in the trial court's decision to deny any award under RCW 4.84.185. Biggs, 119 Wn.2d at 136.

As to CR 11, the trial court chose not to enter findings as to the reasonableness of Smith's attorney's investigation of the constructive discharge claim and decided to vacate its previous finding that the claim was interposed for an improper purpose. CR 11 requires more than a finding that a single unsuccessful claim was frivolous. Biggs, 124 Wn.2d at 201. Similarly, the trial court chose not to make a finding of bad faith or equivalent conduct justifying a sanction under its inherent authority. Under these circumstances, Congruent fails to establish that the trial court's decision to deny his motion for sanctions falls outside its broad discretion.

No. 69847-8-I/7

Affirmed.

WE CONCUR:

_____          Becker, J.

_____          Cox, J.

7