# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STEPHEN KERR EUGSTER, | No.  53325-1-II |
| Appellant/Cross-Respondent, | |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE BAR ASSOCIATION, a legislatively created Washington association (WSBA); PAULA LITTLEWOOD, WSBA Executive Director; PACIFICA LAW GROUP LLP, a Washington limited liability partnership, PAUL J. LAWRENCE; JESSICA A. SKELTON; and TAKI V. FLEVARIS, | |
| Respondents/Cross-Appellants. | |

SUTTON, J — Stephen K. Eugster, a Washington attorney, appeals the superior court's order dismissing his claims that the Washington State Bar Association (WSBA) and its lawyers had defamed him during the course of earlier litigation.  He argues that the court erred in ruling that (1) the WSBA's lawyers' statements about Eugster during prior litigation, in which Eugster acted as opposing counsel, were subject to absolute privilege, (2) collateral estoppel applied to bar Eugster's claims, and (3) Eugster failed to state a claim upon which relief can be granted.  On cross-appeal, the WSBA argues that the superior court erred by denying its motion for an award of attorney fees under RCW 4.84.185 because Eugster's claims are frivolous.

We hold that the superior court did not err by dismissing Eugster's claims with prejudice and affirm that order on the basis of absolute immunity. We do not reach the alternative bases for dismissal. As to the WSBA's cross-appeal, we hold that because Eugster's claims against the WSBA are frivolous, the superior court erred in not awarding the WSBA its attorney fees. Accordingly, we affirm the superior court's dismissal of Eugster's claims, reverse the superior court's order denying the WSBA an award of attorney fees under RCW 4.84.185, and remand this matter to the superior court to determine an appropriate attorney fee award.

FACTS

## I. *CARUSO* LITIGATION

Eugster has filed a number of cases against the WSBA in state and federal court in both his personal and representative capacities. The most recent case, prior to the case presently before this court on appeal, is *Caruso v. Wash. State Bar Ass'n*, No. C17-003 RSM, 2017 WL 1957077 (W.D. Wash. May 11, 2017) (court order). Eugster previously filed several lawsuits on his own behalf against the WSBA challenging the constitutionality of mandatory bar membership, license fees, and the validity of the WSBA's discipline system, which he claimed violate due process and freedom of association.[1]

---

[1] *See Eugster v. Wash. State Bar Ass'n*, No. CV 09-357-SMM, 2010 WL 2926237 (E.D. Wash. July 23, 2010) ("Eugster II") (discipline system); *Eugster v. Wash. State Bar Ass'n*, No. C15-0375JLR, 2015 WL 5175722 (W.D. Wash. Sept. 3, 2015) ("Eugster III") (membership/fees), *aff'd*, No. 15-35743, Docket #18-1 (9th Cir. Mar. 21, 2017); *Eugster v. Wash. State Bar Ass'n*, No. 15204514-9 (Spokane County Super. Ct. 2015) ("Eugster IV") (discipline system); *Eugster v. Littlewood*, No. 2:15-CV-0352-TOR, 2016 WL 3632711 (E.D. Wash. June 29, 2016) ("Eugster V") (discipline system); *Eugster v. Wash. State Bar Ass'n*, No. 2:16-cv-01765 (W.D. Wash. 2016) ("Eugster VI") (membership/fees and discipline system). Each of these lawsuits was dismissed at the pleadings stage. *Caruso v. Wash. State Bar Ass'n*, No. C17-00003 RSM, 2017 WL 2256782, at *1 (W.D. Wash. May 23, 2017) (court order).

Eugster initially filed the *Caruso* complaint, in his capacity as an attorney, as a putative class action on behalf of all WSBA members, naming plaintiffs Robert Caruso and Sandra Ferguson as class representatives. *Caruso*, 2017 WL 1957077 at *1. He later amended the complaint and dropped the class action allegations. *Caruso*, 2017 WL 1957077 at *1. In the *Caruso* complaint, Eugster asserted the same challenges to mandatory bar membership, license fees, and the disciplinary system for Washington attorneys alleging violations of the First, Fifth, and Fourteenth amendments. *Caruso*, 2017 WL 1957077 at *1. He also filed a civil rights action under 42 U.S.C. § 1983 against the WSBA and the WSBA's then Executive Director Paula Littlewood. *Caruso*, 2017 WL 1957077 at *1.

In the *Caruso* litigation, the WSBA argued that Eugster had raised the same systemic challenges on his own behalf in multiple prior lawsuits which are briefly summarized in footnote one above. The WSBA argued that the decisions in Eugster's prior cases were persuasive precedent and established numerous grounds for disposing of the claims asserted in *Caruso*. Because Eugster began filing these suits after being suspended by the WSBA for attorney misconduct,[2] having repeatedly alleged his dissatisfaction with the WSBA's structure and rules, and having ignored repeated dismissals of these claims, the WSBA described him as a "disgruntled lawyer" in the pleadings filed in *Caruso* in response to Eugster's allegations. Clerk's Papers (CP) at 8.

The district court granted the WSBA's motion to dismiss and dismissed the complaint with prejudice for failure to state a claim upon which relief can be granted, holding that (1) substantial

---

[2] *In re Disciplinary Proceeding Against Eugster*, 166 Wn.2d 293, 209 P.3d 435 (2009).

authority holds that compelled bar membership and license fees are constitutional, (2) the WSBA remains the same entity and has retained its regulatory authority notwithstanding its recent bylaw amendments, and (3) the lawyer discipline system meets due process requirements. *Caruso*, 2017 WL 1957077 at *3-*4.

Following the district court's order dismissing the complaint in *Caruso*, the WSBA moved for an award of attorney fees and sanctions under Federal Rule of Civil Procedure (FRCP) 11; 28 U.S.C. § 1927; and the district court's inherent power. *Caruso v. Wash. State Bar Ass'n*, No. C17-00003 RSM, 2017 WL 2256782, at *2 (W.D. Wash. May 23, 2017) (court order). The district court found that sanctions were warranted under FRCP 11, but not under 28 U.S.C. § 1927. *Caruso*, 2017 WL 2256782 at *4. The court explained that FRCP 11 sanctions against Eugster were appropriate because,

> Mr. Eugster has continually harassed the WSBA with swiftly-dismissed lawsuits, including this one. . . . [T]he Court finds that Plaintiffs' Amended Complaint is legally and factually baseless from an objective perspective. . . . The Court had no difficulty identifying the legal errors in Mr. Eugster's pleading. The Court further finds that Mr. Eugster could not have conducted a reasonable and competent inquiry before signing and filing the Amended Complaint. Mr. Eugster has long been on notice of the flaws in his constitutional claims against WSBA membership and dues after his personal lawsuits were dismissed. Although Mr. Eugster has brought new claims in this case, the presence of the same previously dismissed membership and fees claims in this case was unreasonable and did a disservice to his clients. Because Mr. Eugster's pleading in this case is both baseless and made without a reasonable and competent inquiry, the term "frivolous" is applicable.

*Caruso*, 2017 WL 2256782 at *4. The court declined to award Eugster FRCP 11 sanctions against the WSBA. *Caruso*, 2017 WL 2256782 at *5.

Eugster appealed the dismissal and the order denying sanctions to the Ninth Circuit. *Eugster v. Wash. State Bar Ass'n 1933*, 716 F. Appx. 645 (9th Cir. 2018); *Caruso v. Wash. State*

*Bar Ass'n 1933*, 716 F. Appx. 650 (9th Cir. 2018). In both appeals, Eugster argued that the WSBA defamed him and defrauded the district court. In his opening brief on the merits, Eugster argued that "the lawyers for the WSBA have been successful in getting the [c]ourt to act favorably toward the WSBA and dismiss the case against it on the basis of their defamations and other fraudulent conduct." CP at 152-53. Similarly, in his opening brief on the sanction award against him, Eugster listed as the first issue on appeal, "Whether the WSBA and its lawyers perpetrated a fraud on the court and defamed [p]ro se Eugster." CP at 181. To support his claims of fraud and defamation, Eugster relied on the same statements in the WSBA's briefing that he had disputed before the district court. Based on these allegedly false and defamatory statements, Eugster again sought sanctions.

The Ninth Circuit affirmed the district court's orders and expressly rejected both of Eugster's allegations of fraud and his request for sanctions ruling that his claims against the WSBA are meritless and unsupported. *Eugster,* 716 F. Appx. at 646 ("We reject as without merit and unsupported by the record Eugster's contentions that he is entitled to sanctions, [and] that defendants committed fraud on the court"); *Caruso,* 716 F. Appx. at 651 ("We reject as without merit Caruso's contentions of fraud upon the district court").

## II. PROCEDURAL FACTS

Following the conclusion of *Caruso*, Eugster filed the present case in Spokane County Superior Court against the WSBA, its then Executive Director Paula Littlewood, and the lawyers who represented the WSBA in *Caruso*. Eugster asserted five claims: (1) defamation, (2) false light invasion of privacy, (3) intentional abuse of process by false statements, (4) civil conspiracy, and (5) civil rights damages under 42 U.S.C. § 1983. These claims are substantially the same claims

5

as those claims that he alleged in the *Caruso* federal district court action which were dismissed by the district court and affirmed by the Ninth Circuit.

Eugster alleged that the WSBA's statements—that he was a disgruntled lawyer and on a meritless crusade against the WSBA—defamed him, abused the judicial process, resulted from an unlawful conspiracy, violated his constitutional rights under the First, Fifth, and Fourteenth amendments, and amounted to civil rights violations under 42 U.S.C. § 1983. The only other facts alleged in the complaint are that early in the *Caruso* litigation, the WSBA's lawyer explained to him during a telephone conference call that the WSBA would seek an award of attorney fees as a sanction against him if he proceeded with the *Caruso* lawsuit.

The WSBA and its lawyers moved to dismiss the complaint under CR 12(b)(6). The superior court dismissed Eugster's claims with prejudice based on three alternative grounds. First, the court concluded that the statements made by the WSBA's attorney during litigation are "privileged under absolute immunity." CP at 268. Noting that statements in litigation having "any bearing upon the subject matter of the litigation" are privileged, the court reasoned that the statements at issue here "were used to provide the court in *Caruso* with historical context and to describe the WSBA's perception of the issues and conduct pertinent to the case," and thus, were privileged. CP at 267. Second, the court concluded that collateral estoppel barred Eugster's claims because the Ninth Circuit already decided that his accusations of fraud and defamation were meritless and unsupported. Third, the court ruled that because the Ninth Circuit concluded that Eugster failed "to allege any facts supporting" his assertions of "unlawful conduct," he failed to state a claim upon which relief can be granted. CP at 268.

Following entry of the superior court's order dismissing Eugster's claims with prejudice, the WSBA and its attorneys filed a motion for an award of attorney fees against Eugster under RCW 4.84.185, arguing that Eugster's claims were frivolous. The superior court denied the WSBA's request for fees and explained that it was "debatable" whether the WSBA's statements in *Caruso* were pertinent to that litigation. Verbatim Report of Proceedings (VRP) at 27-28.

Eugster appeals the superior court's order dismissing the case with prejudice. The WSBA cross-appeals the superior court's order denying an award of attorney fees under RCW 4.84.185.

ANALYSIS

I. DISMISSAL OF EUGSTER'S CLAIMS

Dismissal is appropriate under CR 12(b)(6) when, assuming all factual allegations are true, the complaint fails to state a valid claim for relief. *Trujillo v. NW. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). We review a superior court's dismissal of a complaint under CR 12(b)(6) de novo. *Trujillo*, 183 Wn.2d at 830. The superior court has the discretion to dismiss a complaint with prejudice when "amendment would be futile," including when the plaintiff cannot "identify any additional facts" to support his claims. *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 730, 189 P.3d 168 (2008).

The WSBA argues that the superior court did not err by dismissing Eugster's claims based on absolute immunity because the statements that formed the basis of his claims were made by the WSBA's lawyer during the *Caruso* litigation and are absolutely privileged. We agree.

We review a claim of absolute immunity de novo. *Mock v. Dep't of Corr.*, 200 Wn. App. 667, 673, 403 P.3d 102 (2017). "Allegedly libelous statements, spoken or written by a party or counsel in the course of a judicial proceeding, are absolutely privileged if they are pertinent or

material to the redress or relief sought, whether or not the statements are legally sufficient to obtain that relief." *McNeal v. Allen*, 95 Wn.2d 265, 267, 621 P.2d 1285 (1980). "The privilege of attorneys is based upon a public policy of securing to them as officers of the court the utmost freedom in their efforts to secure justice for their clients." *McNeal*, 95 Wn.2d at 267.

For a statement to be pertinent to the lawsuit in which it was made, it need only have some relation to the proceedings and any bearing upon the subject matter of the litigation. *Demopolis v. Peoples Nat'l Bank of Wash.*, 59 Wn. App. 105, 110, 796 P.2d 426 (1990) (citing *Johnston v. Schlarb*, 7 Wn.2d 528, 540, 110 P.2d 190 (1941)). The truth or falsity of the statement and the motives of the speaker are irrelevant and any doubts are resolved in favor of the speaker. *Liberty Bank of Seattle, Inc. v. Henderson*, 75 Wn. App. 546, 562, 878 P.2d 1259 (1994) (citing W. Page Keeton, et al., *Prosser and Keeton on Torts* § 114, at 816 (5th ed. 1984)).

Here, Eugster's claims are based on the statements made by the WSBA lawyers during the *Caruso* litigation. The statements made by the WSBA's lawyer all concerned claims asserted in *Caruso*, including the following: the duplicative and frivolous nature of the claims, Eugster's motives for filing the claims, Eugster's enlisting other attorneys to pursue the claim as named plaintiffs, and the WSBA's express intent to seek fees against him if the case proceeded. These statements by the WSBA's lawyer in *Caruso* are related to the *Caruso* proceedings, bear on the subject matter of that litigation, and are pertinent to that litigation. Eugster's disagreement with the lawyer's statements in *Caruso* does not negate the privileged nature of the statements. Because each of the statements Eugster takes issue with pertained to the substance and procedural framework of the *Caruso* litigation, these statements are undoubtedly "pertinent or material to the

redress or relief sought." *McNeal,* 95 Wn.2d at 267. Thus, these statements are absolutely privileged.

We hold that the superior court did not abuse its discretion when it dismissed Eugster's claims. Because we are affirming on this ground, we do not reach the alternative bases for dismissal.

## II.  FRIVOLOUS CLAIMS

On cross-appeal, the WSBA argues that the superior court abused its discretion by denying it attorney fees against Eugster under RCW 4.84.185 because Eugster's claims are frivolous. We agree.

When an action is frivolous and advanced without reasonable cause, RCW 4.84.185[3] authorizes the superior court to award the prevailing party reasonable expenses, including attorney fees. *Bldg. Indus. Ass'n v. McCarthy*, 152 Wn. App. 720, 745, 218 P.3d 196 (2009). "A lawsuit is frivolous if, when considering the action in its entirety, it cannot be supported by any rational argument based in fact or law." *Dave Johnson Ins. v. Wright,* 167 Wn. App. 758, 785, 275 P.3d 339, 275 P.3d 339 (2012). An award is warranted under RCW 4.84.185 when a "reasonable inquiry" would have revealed that the plaintiff's position was untenable. *Kearney v. Kearney*, 95

---

[3]     "In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . . This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal . . . terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order." RCW 4.84.185.

Wn. App. 405, 416-17, 974 P.2d 872 (1999). The purpose of such as award is to "'discourage frivolous lawsuits and to compensate the targets of such lawsuits for fees and expenses incurred in fighting meritless cases.'" *Kearney*, 95 Wn. App. at 416 (quoting *Biggs v. Vail*, 119 Wn.2d 129, 137, 830 P.2d 350 (1992)). A finding of bad faith or bad motivation is not required. *Highland v, Sch. Dist. No. 203 v. Racy*, 149 Wn. App. 307, 311-312, 202 P.2d 1024 (2009).

A superior court's ruling on a motion for an award of attorney fees is reviewed for an abuse of discretion. *Kearney*, 95 Wn. App. at 416. A superior court abuses its discretion in denying fees when governing law clearly demonstrates the plaintiff's claims were invalid. *Kearney*, 95 Wn. App. at 416. If the court abused its discretion in denying an award of attorney fees, the proper remedy is reversal of the fee decision. *See Kearney*, 95 Wn. App. at 417.

Here, as discussed above, we hold that the statements made by the WSBA's lawyers were pertinent to the *Caruso* litigation and therefore are subject to absolute immunity. We conclude that Eugster's claims to the contrary are not supported by rational argument and therefore are frivolous. This is particularly true because the Ninth Circuit expressly rejected Eugster's claims that the WSBA's lawyers had made fraudulent statements. Accordingly, we hold that the superior court erred by denying the WSBA's request for an award of attorney fees. We reverse the order and remand this matter to the superior court to determine an appropriate fee award.

## CONCLUSION

We hold that the superior court did not err by dismissing Eugster's claims with prejudice and affirm that order on the basis of absolute immunity. As to the WSBA's cross-appeal, we hold that because Eugster's claims against the WSBA are frivolous, the superior court erred. We

reverse the superior court's order denying the WSBA an award of attorney fees under RCW 4.84.185 and remand this matter to the superior court to determine an appropriate fee award.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

GLASGOW, J.