**FILED**
**OCTOBER 11, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WINDWARD EDUCATION AND RESEARCH CENTER, a Washington Nonprofit Corporation, | ) ) ) ) | No. 38481-1-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| TERI CIACCHI and MARK WELCH, husband and wife; INTERDEPENDENCE AND AUTONOMY LLC, an Oregon Limited Liability Corporation; LINDSAY HAGAMEN, a single person; MICHAEL RIOS, a single person, and SKYE RIOS, a single person, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

STAAB, J. — Appellant Windward Research and Education Center filed this

lawsuit against several defendants claiming they conspired to misappropriate funds and

convert a nonprofit fundraising event into a for-profit event that would benefit the

defendants personally.  Windward eventually filed a third amended complaint naming additional defendants, including Three Bad Bitches and a Train, LLC, Vandestraat Properties, LLC, and Ruth Vandestraat (along with the original defendant, Mount Baker Farm Campground, LLC, these defendants are referred to collectively as "Vandestraat"). While Windward's amended complaint hinted that the Vandestraat defendants were part of the conspiracy, the complaint alleged only that the Vandestraat defendants provided a venue and financial assistance for the misappropriated event.  The trial court granted a motion to dismiss the claims against Vandestraat and imposed sanctions of $40,214.97 against Windward and its attorney, Julie Vance, for filing a frivolous complaint. Windward appeals only the order imposing sanctions.

Windward raises three issues on appeal.  First, Windward contends that the trial court's imposition of sanctions under RCW 4.84.185 was improper because the court did not find the entire lawsuit frivolous.  Windward also contends that by granting leave to amend its complaint and add additional defendants, the trial court implicitly found a reasonable basis for the amended complaint.  Finally, Windward contends that its attorney conducted a reasonable inquiry into the legal and factual basis for the claims raised against Vandestraat, and thus, the imposition of sanctions is not supported by the record.

We affirm the trial court's imposition of sanctions and award Vandestraat attorney fees on appeal.  Windward's first two arguments are not supported by any authority.  The

2

third argument cannot be reviewed because Windward failed to perfect the record on appeal, and critical evidence is missing from the record.

BACKGROUND

The underlying lawsuit in this case stems from allegations that Teri Ciacchi and Lindsay Hagamen conspired to steal property belonging to Windward. The initial complaint was filed in Klickitat County District Court, alleging Ciacchi and Hagamen worked as independent contractors for Windward to develop and promote an annual event that raised funds to support Windward's nonprofit business. Clerk's Papers (CP) at 1982. Windward alleged that in 2018 Ciacchi and Hagamen conspired to steal funds raised from the event and convert the fundraiser into a for-profit event for their own benefit. CP at 1987. Windward named Mount Baker Farm Campground, LLC, as an initial defendant, alleging that the Campground had contracted with Ciacchi and Hagamen to provide a venue for the misappropriated event. CP at 1988.

In 2018 Windward retained attorney Julie Vance and in 2019, filed a motion to remove the case to superior court.. In 2020, the trial court granted Windward permission to file a third amended complaint and add additional defendants to the lawsuit, including Three Bad Bitches and a Train, LLC, Vandestraat Properties, LLC, and Ruth Vandestraat. CP at 2021. The amended complaint alleged that the newly-named business defendants were controlled by the same individuals, including Ruth Vandestraat. Similar to the initial complaint, Windward's amended complaint hinted that the newly-

named defendants were part of the alleged conspiracy but only asserted that Vandestraat provided a venue and financial support for the misappropriated event. The amended complaint raised claims of tortious interference with business expectations and Consumer Protection Act, chapter 19.86 RCW, violations.

In 2021, Vandestraat moved for summary judgment dismissal and sanctions, arguing that Windward's complaint was frivolous and filed without a legal or factual basis. (Vandestraat's motion is not in the record but is attached to Respondent's brief.) The trial court granted the motion, dismissing the claims against the four Vandestraat defendants, and imposed sanctions against Windward and its attorney, Julie Vance, in the amount of $40,214.97. CP at 2043-46.

## ANALYSIS

1. PRELIMINARY ISSUES

Preliminarily, we note that Windward's failure to comply with several Rules of Appellate Procedure (RAPs) prevents us from addressing some of the issues raised on appeal. Windward's brief fails to set forth any assignments of errors. Under RAP 10.3(a)(4), the appellant's brief shall include a concise statement of each error the appellant alleges was made by the trial court along with the issues pertaining to each assigned error. Windward's failure to identify any assignments of error is not insurmountable because it is clear from the briefing that Windward is challenging the trial court's order imposing sanctions. RAP 1.2(a).

4

Windward's brief also fails to include a statement of the case. Under RAP 10.3(a)(5), an appellant's brief shall contain a fair statement of the facts and procedures relevant to the issues presented for review, with reference to the record for each factual statement. While Windward's brief includes an introduction, the factual statements set forth in the introduction do not reference the record.

This rule violation is more difficult to overcome. The record on appeal contains more than 2,000 pages of clerk's papers, most of which are largely irrelevant to the issues raised by Windward. Without citation to the record in a statement of the case, the court and opposing counsel are left searching through the record to find evidence relevant to the facts and arguments raised by Windward. "The purpose of these rules is to enable the court and opposing counsel efficiently and expeditiously to review the accuracy of the factual statements made in the briefs and efficiently and expeditiously to review the relevant legal authority." *Hurlbert v. Gordon*, 64 Wn. App. 386, 400, 824 P.2d 1238 (1992). Again, this rule violation, while adding work for the court, can be overcome.

Windward also failed to provide an adequate record on appeal. "The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue." *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.6. If a party seeking review intends to argue that a trial court's decision is not supported by the evidence, the party should designate all records and evidence relevant to the disputed decision. *See* RAP 9.2(b). Failure to provide an adequate record precludes

No. 38481-1-III
*Windward Educ. & Research Ctr. v. Teri Ciacchi, et al.*

appellate review. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993);

*State v. Stevens*, 58 Wn. App. 478, 492, 794 P.2d 38 (1990).

Here, the record on review fails to include all the documents necessary for reviewing the trial court's order imposing sanctions. While Windward designated the trial court's final judgment imposing sanctions, it failed to designate the trial court's memorandum decision or the pleadings and evidence submitted to support or oppose the motion for sanctions. Vandestraat points out this failure, but instead of supplementing the clerk's papers under RAP 9.6(a), Vandestraat attaches the memorandum decision, Windward's final amended complaint, and other pleadings to its brief as an appendix.[1] *See* RAP 9.6(a).

The memorandum decision lists the documents considered by the trial court in deciding to impose sanctions. Windward failed to designate some of these documents. For example, in deciding to impose sanctions, the trial court relied on the declaration of Kirsten Barron, filed May 17, 2021, and the declaration of Julie Vance, filed June 7,

---

[1] Neither RAP 10.3(a)(8) nor RAP 10.4(c) allow a party to supplement the record on appeal by attaching court records as an appendix to a brief. Instead, if additional records from the trial court are necessary for effective review on appeal, either party may file a supplemental designation of the clerk's papers prior to or with the filing of the party's last brief. RAP 9.6(a). We realize a party might not recognize the need to supplement the clerk's papers in time for the superior court to index and produce them before the brief is filed, so the party might not be certain of how they will be page numbered. In that case, it is customary for the party to inform us by footnote or otherwise that there has been a supplementary designation.

2021. Vandestraat attaches Barron's declaration to its brief, but Vance's declaration cannot be found even after an extensive search of the record.

Because the record on review does not include all of the evidence considered by the trial court when deciding to impose sanctions, we cannot review Windward's claim that the evidence does not support sanctions.

2. WHETHER THE TRIAL COURT'S IMPOSITION OF SANCTIONS UNDER RCW 4.84.185 WAS UNAUTHORIZED BECAUSE THE TRIAL COURT DID NOT FIND THAT THE ENTIRE COMPLAINT WAS FRIVOLOUS

Windward contends that sanctions are not available under RCW 4.84.185 unless the court finds the entire complaint frivolous. Windward's third amended complaint named 15 defendants. The trial court dismissed the claims against the 4 Vandestraat defendants. Following summary judgment, the claims against the 9 nonmoving defendants remained.

As a preliminary matter, Windward asserts that this court should review the trial court's order imposing sanctions under a de novo standard. We reject this argument. It is well established that we review a trial court's imposition of sanctions under either the statute or the rule for abuse of discretion. *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998).

Sanctions under RCW 4.84.185[2] may be awarded if the court finds that the action as a whole is frivolous. *Biggs v. Vail*, 119 Wn.2d 129, 133, 830 P.2d 350 (1992). Specifically, the statute provides:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

RCW 4.84.185.

In *Biggs*, the trial court imposed sanctions under the statute after finding that three of the plaintiff's four claims against the defendant were frivolous. In construing a prior version of the statute,[3] the *Biggs* court reversed because the court did not find that the action as a whole was frivolous. *Biggs*, 119 Wn.2d at 137. *Biggs* was concerned with

---

[2] Sanctions under RCW 4.84.185 may be imposed only against a party. *Kilduff v. San Juan County*, 194 Wn.2d 859, 453 P.3d 719 (2019). Sanctions imposed under CR 11 are imposed against the person signing pleadings, which is usually the attorney.

[3] Despite a statutory amendment that removed language requiring a judge to consider the action "'as a whole,'" courts continue to hold that statutory sanctions are not warranted unless the claims as a whole are without merit. *See* 15 DOUGLAS J. ENDE, WASHINGTON PRACTICE: CIVIL PROCEDURE § 51:13, at 424-47 (3d ed. 2018) (Alternatives to CR 11).

multiple claims made against a single defendant. *Biggs* did not hold, as Windward claims here, that statutory sanctions are unavailable unless all of the claims against all of the defendants are found to be without merit. Windward does not cite any other authority to support this position.

In this case, all of the claims against these particular defendants were found to be frivolous and dismissed. In other words, the trial court found that the action as a whole against these defendants was without merit. Under these circumstances, sanctions against Windward were available under RCW 4.84.185.

3. WHETHER, IN GRANTING WINDWARD LEAVE TO FILE A THIRD AMENDED COMPLAINT, THE TRIAL COURT NECESSARILY FOUND THAT THE COMPLAINT WAS NOT FRIVOLOUS

Windward contends that by granting leave to file its amended complaint and add Vandestraat as defendants, the court necessarily determined that the claims against Vandestraat had a reasonable basis in fact and law. Windward contends that if the judge had any concerns that the claims against Vandestraat lacked a reasonable basis, then the judge could have issued an order under CR 12(e) for a more definite statement. Windward does not cite any authority for this position.

As Vandestraat points out, the standard for granting leave to amend does not require a judge to assess the merits of the new claims. Under CR 15(a), leave to amend should be granted freely so that cases can be decided on the merits. *Watson v. Emard*, 165 Wn. App. 691, 697, 267 P.3d 1048 (2011). Denial of leave to amend is generally

9

based on prejudice to the nonmoving party, not on the merits of the claims made by the amendment. See *Quality Rock Prod., Inc. v. Thurston County*, 126 Wn. App. 250, 272-73, 108 P.3d 805 (2005). There is no authority to suggest that the merits of a claim are determined when an amended complaint is proposed.

We disagree with Windward's argument. The trial court did not implicitly find the amended complaint meritorious by allowing Windward to file it.

4. WHETHER THE EVIDENCE DEMONSTRATES THAT VANCE CONDUCTED A SUFFICIENTLY REASONABLE INQUIRY BEFORE SIGNING THE COMPLAINT

Windward (but primarily Vance) contends that Vance's inquiry into the allegations contained in the complaint was sufficient given the circumstances. Thus, they argue, the trial court abused its discretion by imposing sanctions under CR 11. Specifically, Vance contends that she only had a few weeks to review the allegations when she was initially retained in 2018. Her initial evaluation of the case was based mainly on the factual representations of her client. Through subsequent investigation, Vance was convinced that the transaction between Vandestraat and Ciacchi had irregularities suggesting that it was not an arm's length transaction. "Instead, the pattern of deception indicated that there was an intent to deceive the public—including the defendant's insurance provider—as to who owned the property, who had the legal authority to rent out the campground, and whether there was further personal involvement in the conspiracy by Ruth Vandestraat." Br. of Appellants at 28. Vance

10

also contends that the district court judge presiding over the original complaint found that the lawsuit had merit. Finally, Vance contends that the claims are complex and require additional discovery.

Problematically, the evidence relied on by Vance to support her argument on appeal is not the evidence the trial court considered in deciding to impose sanctions. Similarly, the evidence considered by the trial court is not part of the record on appeal.

As Vandestraat points out, Vance's arguments are irrelevant because she focuses on the initial complaint that did not name Vandestraat as a defendant. After being retained by Windward, Vance signed an amended complaint in 2020 adding Vandestraat. Over the next year, Ruth Vanderstaat's attorney warned Vance numerous times that the amended complaint failed to allege a claim against Vandestraat. Despite these warnings and extensive discovery, Windward failed to amend or dismiss the claims against Vandestraat. The trial court found the claims against Vandestraat to be wholly frivolous and without merit.

We decline to address whether the record supports a finding that Vance failed to conduct a reasonable investigation before signing and filing the third amended complaint because the record on appeal does not include the evidence considered by the trial court.

5. ATTORNEY FEES ON APPEAL

Vandestraat requests attorney fees, costs, and sanctions against Windward for pursuing a frivolous appeal and violating the Rules of Appellate Procedure. Under

11

No. 38481-1-III
*Windward Educ. & Research Ctr. v. Teri Ciacchi, et al.*

RAP 10.7, the court "will ordinarily impose sanctions on a party or counsel for a party who files a brief that fails to comply with these rules." Similarly, RAP 18.9(a) provides that an appellate court may order a party who "files a frivolous appeal" to "pay terms or compensatory damages" to any party harmed by its actions. "An appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there [is] no reasonable possibility of reversal." *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 200-01, 796 P.2d 412 (1990).

In this case, Windward failed to perfect the record on appeal, filed a brief that violated multiple Rules of Appellate Procedure, presented arguments devoid of merit, and attached nearly 100 pages of irrelevant materials to its brief. Attorney fees are imposed against Windward and Vance. Vandestraat is entitled to its reasonable attorney fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____                    _____
Siddoway, C.J.                                      Fearing, J.

12